## HINTRAGER v. TRAUT.

1. **Statute of Limitations**: NOT DEFEATED BY LACHES OF PLAINTIFF. A plaintiff cannot, as against the statute of limitations, indefinitely prolong the time in which he may sue, by voluntarily failing to do the things required by the law to be done before an action may be brought. (See opinion for authorities.) And so, where plaintiff would have been entitled to a tax deed from defendant, had he given the notice required by law, more than three years before he began this action of *mandamus* to compel the defendant to make the deed, *held* that the action was barred by the statute of limitations,—an action of *mandamus* being barred in three years after the cause thereof accrues. Reed, J., *dissenting*.

*Appeal from Dubuque District Court.*

THURSDAY, APRIL 22, 1886.

MANDAMUS to compel defendant, Traut, who is the treasurer of the city of Dubuque, to execute a tax deed for a certain lot sold for delinquent city taxes. A demurrer by defendant to plaintiff's reply to his answer was sustained;

and, plaintiff standing on his pleading, judgment was entered for defendant. Plaintiff appeals.

*De Witt C. Cram*, for appellant.

*Powers & Lacy* and *D. J. Linehan*, for appellee.

BECK, J.—I. The following facts are shown by the pleading against which defendant's demurrer was directed: June 12, 1876, the lot involved in this suit was sold at a sale for city taxes, and on the twenty-first day of the same month the purchaser assigned the certificate of purchase issued upon the sale to plaintiff. On the first day of March, 1884, plaintiff caused notice of the expiration of the time for redemption to be served on the proper persons, and, no redemption from the sale having been made, plaintiff, on the twelfth day of June, 1884, demanded a tax deed, at the same time tendering the fee provided by the city ordinance. The treasurer refused to execute the deed. The city ordinance under which the sale was made provides that, at the expiration of two years and nine months after a sale, a purchaser may give notice to the land-owner of the expiration of the time for redemption, and ninety days after the service of such notice the treasurer is authorized to execute a deed. Other facts disclosed in the pleadings need not be stated, as the decisive question upon which we determine the case involves the foregoing facts, and no others.

II. The question presented by the demurrer which we shall consider and determine is this: Was the action barred by the statute of limitations? It will be observed that plaintiff could have given notice of the expiration of the time for redemption, March 12, 1879, which was two years and nine months after the sale. June 12, 1879, had the notice been given, plaintiff would have been entitled to a tax deed. This suit was commenced June 16, 1884. Counsel for plaintiff concede that the action of *mandamus* is barred in three years after the cause thereof accrues. When did

plaintiff's cause of action accrue? Under the city ordinance he could have been entitled to a deed June 12, 1879. His right thereto at that time depended upon his own action. His right was complete to a deed, so far as all acts and proceedings were concerned, except his own act, over which he had control. The law, as it were, offered him the deed at the time, but he would not stretch forth his hand to receive it. Under more than one decision of this court his cause of action then accrued, and from that date did the statute of limitations begin to run. See *Baker v. Johnson Co.*, 33 Iowa, 151; *Prescott v. Gonser*, 34 Id., 175; *Ball v. Keokuk & N. W. R'y Co.*, 62 Id., 751; *Hintrager v. Hennessy*, 46 Id., 600. The doctrines of these cases are applicable to the facts before us. In each it is held that the cause of action accrued before the action could have been commenced, that is, before the respective plaintiffs could have maintained a suit by reason of the omission to do certain things required and necessary to entitle them to recover. In each case, and in the one at bar alike, the respective plaintiffs, upon their own volition, at any time after the causes of action accrued, could have perfected their rights to bring suits upon their causes of action. Surely, a plaintiff cannot indefinitely prolong the time in which he may sue by voluntarily failing to do the things required by the law to be done before an action may be brought.

In our opinion, plaintiff's cause of action is barred by the statute of limitations, and the court rightly sustained the demurrer to plaintiff's reply to defendant's answer.

AFFIRMED.

REED, J., *dissenting.*