CASE 13—PETITION EQUITY—APRIL 3.

# Clements v. Waters & Hayden.

APPEAL FROM WASHINGTON CIRCUIT COURT.

1. A CREDITOR MAY MAINTAIN AN ACTION UPON A RETURN OF "NO
   PROPERTY" under section 439 of the Code, although the property
   he seeks to subject was subject to execution; and his right will be
   superior to that of a creditor who has his execution levied upon the
   property pending the action, or to that of a *lis pendens* purchaser.
   The plaintiff has a right to act upon the return of the officer, and
   acquires a lien by his suit, although the officer's return be false.

2. A RETURN OF "NO PROPERTY" upon an execution from a justice's
   or a quarterly court does not entitle the creditor to resort to an
   equitable action to subject the land of his debtor. To authorize such
   an action he must also have a return of "no property" upon an
   execution from the circuit court.

3. APPELLATE JURISDICTION.—The fact that land has been converted
   into money by the court pending an action involving the title
   does not abridge the right of a party to an appeal. The contro-
   versy as to the right to the proceeds will be regarded as involving
   the title to the land, and an appeal will lie regardless of the amount
   involved.

J. W. S. CLEMENTS FOR APPELLANT.

1. The land in controversy was subject to execution. The legal title
   is always and under all conditions liable to levy and sale. (Gen.
   Stats., chap. 38, art. 12, sec. 1; 11 Dana, 216; 2 Dana, 323; 4 Bush,
   280; 3 B. M. 580; 9 Bush, 219; 2 Met., 196; 8 Dana, 198; 16 B. M.,
   78.)

2. Land subject to levy and sale under execution can not be subjected by

Clements v. Waters & Hayden.

an action in equity upon a return of "no property." (Weatherford v. Myers, 2 Duv., 91.)

C. C. McCHORD FOR APPELLEES.

1. This court has no jurisdiction of the appeal. The title to land is not involved, and the amount in controversy is less than one hundred dollars.
2. Appellees having obtained judgment and return of "no property," and thus exhausted every remedy known to the law, were entitled to maintain this action in equity. (Civil Code, sections 439–443.)
   The case of Weatherford v. Myers, 2 Duv., 91, has no application.
3. Judgment and return of "no property" from a justice's court will not support an action under section 439 of the Code. The creditor must have his judgment certified to the circuit court, and have execution returned there. (Weatherford v. Myers, 2 Duv., 91; Austin v. Payne, 7 Bush, 481.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellees, Waters & Hayden, having a return of *nulla bona* as to a judgment in the quarterly court against their debtor, J. S. McIntire, filed a transcript of the proceedings in the circuit court, sued out execution there as provided by section 723 of the Civil Code, and it was also returned "no property."

The debtor was then the owner, by inheritance from one Linton, of an undivided interest in some land situate in the county to which the execution had issued, but it was not levied upon it. It does not clearly appear that Linton had the legal title to it; but as this seems to be conceded in argument, we will assume it; and it, of course, follows that the undivided interest of the debtor was, in fact, liable to levy under the execution.

The appellees then brought this action under section 439 of the Civil Code, which provides: "After an execution of *fieri facias* directed to the county in which

Clements v. Waters & Hayden.

the judgment was rendered, or to the county of the defendants' residence, is returned by the proper officer, either as to the whole or part thereof, in substance, no property found to satisfy the same, the plaintiff in the execution may institute an equitable action for the discovery of any money, chose in action, equitable or legal interest, and all other property to which the defendant is entitled, and for subjecting the same to the satisfaction of the judgment; and in such actions, persons indebted to the defendant, or holding money or property in which he has an interest, or holding evidences or securities for the same, may be also made defendants."

They sued out an attachment garnishing in the hands of Linton's administrator whatever might be coming to the debtor. Subsequently they sued out a second one, and it was levied upon his undivided interest in the land. After all this had been done, the appellant, J. W. S. Clements, sued the debtor, obtained a judgment, and had an execution levied upon this landed interest. He then purchased it from the debtor for his debt and something additional, and obtained a deed. Before he did so, however, he had actual notice that the attachment of the appellees had been levied upon the land. He was a *lis pendens* purchaser. He then made himself a party defendant to this action, claiming the land, and that the appellees had no lien upon it.

This contention is based upon the idea that, as the undivided interest of the debtor in the land was, in fact, liable to execution, the appellees had no right to bring this action, and could, therefore, acquire no lien by virtue of it.

While the litigation was in progress it was found in a suit that had been brought to settle the Linton estate that McIntire owed it a certain sum; and there being no personal estate coming to him, his interest in the land was sold for the purpose of paying it, bringing, however, more than the amount of this indebtedness. The lower court decided that, after paying what the debtor owed the Linton estate, the appellees should be next paid; and their debt being less than one hundred dollars, they now contend that no appeal lies from that judgment to any court, as the statute limits the right to an appeal in actions for the recovery of money or personal property to cases where that sum or more, exclusive of costs, is involved.

The land was, however, converted into money by the court pending the litigation. At its inception the land was involved; the appellant was claiming it; and the subsequent action of the court in selling it should not abridge the right of a party to an appeal, which may be taken without regard to amount, if the title to land be involved.

As land can not be levied on under an execution from a quarterly or justice's court, the statute authorizing the filing of a transcript in the circuit court of the proceedings in those courts showing a return of no property, and the issual then of an execution by the clerk of the circuit court, is a very proper one. It saves the cost and trouble of a second suit. The creditor is not allowed, therefore, to resort to an equitable action upon his judgment to reach the land of his debtor until he has failed to make his debt by suing out execution from the circuit court in the

manner provided by the statute. He must, in such a case, exhaust all of his legal remedies. He can not, upon a return of no property on execution from a justice's or a quarterly court, merely bring an equit able action in the circuit court to subject land to the payment of his debt to which his debtor has the legal title, for the reason that it is liable to execution.

The object of the section of the Code above cited was to give relief to the creditor where all the ordinary remedies had been resorted to without avail. Until this be done, it would be useless and unreasonable to oppress the debtor, and consume the time of the courts with equitable actions. The creditor may, of course, resort to them in the lower courts to reach any means of the debtor over which such courts have jurisdiction; but he can not appeal to the circuit court for relief in this way until he has exhausted all his legal remedies. This was held in the case of Weatherford v. Myers, 2 Duvall, 91.

This, however, is a different case. Here the creditor, in the proper manner, sued out his execution from the circuit court, and it was returned "no property" before he brought his equitable action. The fact that it could have been levied upon the undivided landed interest of the debtor in the Linton estate does not prevent the appellees from maintaining this action. It is not shown that they procured a false return upon the execution, or had any thing to do with it in any way. They exhausted all their legal remedies. When they had done so they had a right to bring this action. They had complied with the statute, and done all within their power to make

their debt before resorting to an equitable action. They had a right to act upon the return of the officer.

The Code expressly provides that when the execution is returned "no property found," the creditor may resort to his equitable action to subject any "equitable or *legal* interest and *all* other property" of the debtor to the satisfaction of the judgment. He is not required to know that the return of the officer is true. In this instance it is not even shown that the appellees knew the land of their debtor was liable to execution, and it would not do to hold creditors to knowledge upon this subject.

The appellees, by their suit, acquired a lien upon the land superior and elder to the execution levy of the appellant, who, as to his purchase, was a *lis pendens* purchaser, and the judgment is affirmed.