WILLIAM WRIGHT CO. *v.* WAYNE CIRCUIT JUDGE.

109  139|
123  263|

1. JUDGMENT CREDITOR'S BILL—OFFICER'S RETURN—MOTION TO SET ASIDE.

The basis for a judgment creditor's bill is a return of execution *nulla bona*, which return, in the equity suit, is conclusive. Its falsity, however, may be shown by the defendant in the suit at law, in support of a motion to set the return aside.

2. SAME—MANDAMUS.

The Supreme Court will not, by *mandamus*, at the instance of a judgment creditor, vacate an order of the circuit judge setting aside a sheriff's return *nulla bona* on an execution, where the evidence on which such return was set aside would, if believed, show the return not to have been in accordance with the facts.

*Mandamus* by the William Wright Company to compel Robert E. Frazer, circuit judge of Wayne county, to vacate an order setting aside a sheriff's return to an execution, and an order vacating the appointment of a receiver for one Thomas N. Fordyce. Submitted January 28, 1896. Writ denied April 21, 1896.

*Bowen, Douglas & Whiting*, for relator.

*Griffin & Warner*, for respondent.

MONTGOMERY, J. Relator is a judgment creditor of William Y. Hamlin and Thomas N. Fordyce. This

judgment amounts to $3,383. Relator caused an execution to be issued and placed in the hands of an officer, which was returned *nulla bona*. Thereupon a judgment creditor's bill was filed, and a receiver appointed. The defendant Fordyce moved, in the suit at law, to set aside the return, and, in the equity suit, filed a plea setting up that he had a large amount of property subject to levy and sale on execution. These claims were supported by affidavits, and, on the other hand, numerous affidavits were filed showing that the property referred to in the affidavit of Fordyce was incumbered to its full value. The relator also produced the affidavit of the deputy sheriff who made the return, as follows:

"Immediately on receiving this execution, I caused to be mailed a notice, on a blank like the attached, to both William Y. Hamlin and Thomas N. Fordyce. In response to said notice, said Thomas N. Fordyce came into the sheriff's office, and said to me, in substance, as follows: That he had received the notice sent, and that neither Hamlin nor himself had any property out of which the execution could be made by levy. I requested him to point out any property he or Hamlin owned on which the execution could be levied, and he refused to do so, saying that he had none that anything could be realized out of. He also referred to the property he said he was supposed to own in Grosse Pointe, and told me that this property belonged to his wife, and had belonged to her for some time. Not being able to find any property, and on the strength of Fordyce's statement, I returned the execution unsatisfied."

This statement is denied by the affidavit of Mr. Fordyce.

The circuit judge set aside the return, and vacated the order appointing a receiver, and relator asks to have the two orders vacated.

The basis for a judgment creditor's bill is a return of *nulla bona*, and in the equity suit the return is conclusive, and not open to attack. *Albany City Bank* v. *Dorr*, Walk. Ch. 317. But the defendants may move in the main case to set aside the return, and show its

falsity. The only question here is whether the showing is such as to justify setting aside the return. The showing ought to be clear that relator was entitled to have the return sustained, to justify this court in interposing at this stage in the proceedings by the writ of *mandamus.* There were affidavits filed which, if believed, established the fact that the return was not in accordance with the facts, and that the defendant Fordyce had equity in realty sufficient to satisfy the relator's demands many times. It is true, this showing was contradicted, but the court below had better means of determining the facts than we have.

Writ denied.

The other Justices concurred.