**782  LYON vs. CIRCUIT JUDGE (Clinton), 66 M., 676.**

To vacate an order setting aside an execution returned as satisfied.

Granted July 7, 1887.

Held, that where a sheriff has made a set-off of executions under the statute and returned the larger one as satisfied, it is not competent for the Circuit Court on motion to set aside the return, and grant a second execution on the judgment. The refusal of the circuit judge to compel the sheriff to make a set-off of executions under How. Stat., Sec. 7709, is not reviewable on mandamus. Wells vs. Circuit Judge, 39 M., 21 (482), but such refusal will not bar the right to proceed in equity for the same relief. Wells vs. Elsam, 40 M., 218. It is contrary to all right to finally determine legal claims on motion and affidavits. Parker vs. Circuit Judge, 24 M., 408 (759); Brown vs. Thompson, 29 M., 71.

**783  HENDERSON vs. CIRCUIT JUDGE (Wayne), 40 M., 244.**

To recall an execution issued to enforce an order granting costs upon a continuance, where the party, upon whom the costs had been imposed, preferred to waive the continuance rather than pay the costs, and to rescind the order granting such costs.

Granted January 21, 1879.

**784  WILLIAM WRIGHT CO. vs. CIRCUIT JUDGE (Wayne), No. 15328; 66 N. W., 954; 3 D. L. N., 30.**

To set aside an order vacating a nulla bona return to an execution, upon which a creditor's bill has been since filed.

Denied April 21, 1896, with costs, on the ground that the showing that relators were entitled to have the return sustained, was not so clear as to justify interference by this court by mandamus.