[S. F. No. 487.   Department One.—February 12, 1897.]

## L. C. WILLIAMS ET AL., APPELLANTS, v. THOMAS I. BERGIN, RESPONDENT.

STREET ASSESSMENT — DESCRIPTION OF IMPROVEMENT IN WORK NOT ALREADY DONE — JURISDICTION.— An order "that granite curbs be laid" on a specified street between two cross streets, "where not already laid, and the roadway thereof be paved with basalt blocks, where not already so paved," is sufficient to give the board jurisdiction to order the improvement, the extent of which is capable of exact ascertainment, and does not depend on the arbitrament or discretion of the superintendent of streets.

ID.—ASSESSMENT INCLUDING WORK ALREADY DONE—REMEDY BY APPEAL. If the assessment includes any expense for paving or for curbs that were paid at the date of the order, it should be corrected on an appeal there-from.

ID. — PLEADING—STATUTE OF LIMITATIONS — DEMURRER—ANSWER. — In pleading the statute of limitations by demurrer, it is sufficient in form to specify the statute as one of the grounds of the demurrer; but a demurrer on this ground can only be sustained when it affirmatively appears from the complaint that the plaintiff's cause of action is barred; and the defendant cannot, in support of the demurrer, invoke other facts which might be introduced in his defense, which are only proper in an answer.

ID. — DELAY OF THREE YEARS IN MAKING ASSESSMENT — DURATION OF LIEN—PRESUMPTION—DISCHARGE OF OFFICIAL DUTY—PLEADING.—The statute does not prescribe any particular time after the acceptance of the work within which the superintendent shall issue the assessment and warrant; and the mere lapse of more than three years after such accept-ance, or of more than the period fixed as the duration of the lien, is not of itself a bar to their issuance; but the superintendent is presumed to have regularly performed his official duty in making the assessment, and his act is *prima facie* valid, and any facts or reasons why the lapse of time was such as to deprive him of the right to make the assessment, should be presented as an affirmative defense, and not by way of demurrer to the complaint.

ID.—RUNNING OF STATUTE—UNREASONABLE DELAY OF PLAINTIFF—RIGHT OF ACTION DEPENDING UPON OFFICIAL ACT—PRESUMPTION.—A party cannot by his own negligence or for his own convenience, stop the run

ning of the statute, and when he has it in his power at all times to do
an act which fixes his right of action the statute will begin to run after
the lapse of a reasonable time in which to do such act; but this rule
ceases to apply when the right of action is not under his control, but
depends upon an official act to be performed by a public officer in the
line of his duty, and, in such case, there is no presumption that any
delay in its performance was unreasonable.

ID.—RIGHT OF ACTION UPON ASSESSMENT—DEMAND FOR ASSESSMENT AND
WARRANT—RESPONSIBILITY FOR NEGLECT—PLEADING OF LIMITATION—
DEFENSE.—There can be no right of action upon a street assessment until
after the issuance and return of the warrant, and where there is nothing
in the complaint from which it can be inferred that there was an unrea-
sonable delay of the plaintiffs in making a demand for the assessment and
warrant, but the averments of the complaint are as consistent with hold-
ing that the delay was owing to the superintendent as that it was owing
to the plaintiffs it does not appear from the complaint that the cause of
action is barred by the statute of limitations; and if in fact the delay
resulted from the neglect of the plaintiffs to make any demand for an
unreasonable time, and for a time greater than the period in which the
assessment would have been a lien upon the property, or from any con-
duct of the plaintiffs, which should deprive them of the right to enforce
the assessment, the facts should be pleaded by way of defense in the
answer.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco.  J. C. B. HEB-
BARD, Judge.

The facts are stated in the opinion of the court.

*J. C. Bates,* for Appellants.

The description of the work to be done was sufficient.
(*Emery* v. *San Francisco Gas Co.,* 28 Cal. 378; *Richard-
son* v. *Heydenfeldt,* 46 Cal. 70; *McDonald* v. *Conniff,* 99
Cal. 388; *Buckman* v. *Landers,* 111 Cal. 347; *Perine* v.
*Erzgraber,* 102 Cal. 236.)  No time is limited within
which the assessment must be made.  (*Himmelmann* v.
*Cofran,* 36 Cal. 411; *Dyer* v. *Scalmanini,* 69 Cal. 640;
*Wood* v. *Strother,* 76 Cal. 547; 9 Am. St. Rep. 249; *Fair-
banks* v. *Mayor etc.,* 132 Mass. 47; *In re Brown,* 14 Daly,
103; *Parker* v. *Atchison,* 48 Kan. 574; *Frederick* v. *Seattle,*
13 Wash. 428; *State* v. *Trenton,* 43 N. J. L. 166; *Partridge*
v. *Hyde Park,* 131 Ill. 537.)  The statute of limitations
was not pleaded by reference to the code, and the facts
showing that the cause was barred should have been

stated in the demurrer. (*Caulfield* v. *Sanders*, 17 Cal.
571; *Brown* v. *Martin*, 25 Cal. 90.)

*T. I. Bergin*, for Respondent.

The order for the work was not sufficiently definite.
(*Himmelmann* v. *McCreery*, 51 Cal. 562; *Bolton* v. *Gil-
leran*, 105 Cal. 247, 248; 45 Am. St. Rep. 33.) The
contractor had the right to act, to compel the assess-
ment (*Himmelmann* v. *Cofran*, 36 Cal. 411), and he
could not, by his own failure to act, suspend the run-
ning of the statute. (*Braun* v. *Sauerwein*, 10 Wall. 218;
*Bauserman* v. *Blunt*, 147 U. S. 657; *Balkam* v. *Wood-
stock Iron Co.*, 154 U. S. 187; *Pearsall* v. *Smith*, 149
U. S. 231; *Bills* v. *Silver King Min. Co.*, 106 Cal. 21;
*State* v. *Norton*, 59 Minn. 424; *Atchison etc. R. R. Co.* v.
*Burlingame Tp.*, 36 Kan. 628; 59 Am. Rep. 578; *Litch-
field* v. *McDonald*, 35 Minn. 167; *Palmer* v. *Palmer*, 36
Mich. 487; 24 Am. Rep. 605; *Steele* v. *Steele*, 25 Pa. St.
154; *Pittsburgh etc. R R. Co.* v. *Byers*, 32 Pa. St. 22; 72
Am. Dec. 770; *Morrison* v. *Mullin*, 34 Pa. St. 12; *Ball* v.
*Keokuk etc. Ry. Co.*, 62 Iowa, 751–54; *High* v. *Board of
Commrs.*, 92 Ind. 580; *Newsom* v. *Board of Commrs.*, 103
Ind. 526; *Kraft* v. *Thomas*, 123 Ind. 513–15; 18 Am. St.
Rep. 345; *Landis* v. *Sexton*, 105 Mo. 486–91; 24 Am. St.
Rep. 403.) The statute of limitations was well pleaded.
(*Brennan* v. *Ford*, 46 Cal. 12.)

HARRISON, J.—Action upon a street assessment. The
board of supervisors of San Francisco ordered "that
granite curbs be laid on Francisco street between Ma-
son and Taylor streets where not already laid, and that
the roadway thereof be paved with basalt blocks where
not already so paved," and a contract therefor awarded
to the plaintiffs was on March 1, 1892, entered into be-
tween them and the superintendent of streets. The
time fixed for the completion of the contract was sixty
days from its date. It is alleged in the complaint that
the work was completed according to the terms of the
contract, within this time, and was accepted by the su-

perintendent, " who thereupon, on the twenty-first day of October, 1895, made and issued an assessment therefor," and on the same day issued a warrant for its collection. The present action was commenced February 26, 1896. The defendant demurred to the complaint upon the grounds that it does not state facts sufficient to constitute a cause of action, and that it appears upon its face that the supposed cause of action alleged therein is barred by the statute of limitations. The demurrer was sustained and the plaintiffs have appealed.

1. The description of the work was sufficient to give to the board jurisdiction to order the improvement. Whether granite curbs had been laid on any part of the street, or any part of the roadway had been paved with basalt blocks, as well as the extent thereof, was capable of exact ascertainment, and did not depend on the arbitrament or discretion of the superintendent of streets. If the assessment should include any expense for paving, or for curbs that were laid at the date of the order, it could be corrected on an appeal therefrom. Assessments in which the work has been similarly described have been frequently sustained. (*McDonald* v. *Conniff*, 99 Cal. 386; *Perine* v. *Erzgraber*, 102 Cal. 234.)

2. The demurrer sufficiently presented the defense of the statute of limitations. (*Brennan* v. *Ford*, 46 Cal. 7.) The provisions of section 458 of the Code of Civil Procedure have reference to cases in which the statute is pleaded in the answer as an affirmative defense. It is in an answer, and not in a demurrer, that " *facts* showing the defense " would be proper, and the provision that " the party pleading must establish on the trial the facts showing that the cause of action is so barred," clearly indicates that the section has no reference to a demurrer to a complaint upon the ground that the facts alleged therein show that the cause of action is barred. In such a case it is sufficient to specify the statute as one of the grounds of the demurrer. A demurrer upon this ground can be sustained, however, only when it affirmatively appears from the complaint

that the plaintiff's cause of action is barred. The defendant cannot, in support of the demurrer, invoke other facts which might be introduced in his defense.

3. The grounds urged by the defendant in support of the demurrer, are that, inasmuch as the statute provides that the superintendent shall make the assessment and issue the warrant thereon "after the contractor has fulfilled his contract" to his satisfaction, a delay in making the same of more than three years after his acceptance of the work is unauthorized, and the assessment and warrant issued by him are incapable of enforcement. As the statute does not prescribe any particular time after the acceptance of the work within which the superintendent shall issue the assessment and warrant, the mere lapse of time for more than the period fixed as the duration of the lien is not of itself a bar to their issuance, since the issuance may have been delayed by circumstances sufficient to justify the delay. Whether they were sufficient therefor was to be considered by the officer before making the assessment, and, as he is presumed to have regularly performed his official duty, his act in making the assessment is entitled *prima facie* to be considered valid if there could have been any circumstances under which an assessment would, after such lapse of time, have been authorized. If there are any facts or reasons why the lapse of time was such as to deprive him of the right to make the assessment, they should be presented as affirmative matter in defense thereto.

4. It is further contended by the defendant that, inasmuch as the plaintiffs were entitled to demand the assessment and warrant from the superintendent immediately upon his acceptance of the work, they could not, by their delay in making such demand, suspend the running of the statute in favor of the property owner. The rule is well settled that when the plaintiff's right of action depends upon some act which he has to perform preliminarily to commencing suit, and he is under no restraint or disability in the performance of such

act, he cannot suspend indefinitely the running of the statute of limitations by a delay in performing such preliminary act, and that if the time within which such act is to be performed is indefinite or not specified, a reasonable time will be allowed therefor, and the statute will begin to run after the lapse of such reasonable time. What is a reasonable time will depend upon the circumstances of each case. A party cannot by his own negligence, or for his own convenience, stop the running of the statute. (*Palmer* v. *Palmer*, 36 Mich. 487; 24 Am. Rep. 605; *Atchison etc. R. R. Co.* v. *Burlingame*, 36 Kan. 628; 59 Am. Rep. 578; *Ball* v. *Keokuk etc. Ry. Co.*, 62 Iowa, 751; *High* v. *Board of Commrs.*, 92 Ind. 580; *Bills* v. *Silver King Min. Co.*, 106 Cal. 21; *Thomas* v. *Pacific Beach Co.*, 115 Cal. 136.) The rule rests upon the principle that the plaintiff has it in his power at all times to do the act which fixes his right of action. The reason of the rule, however, ceases when the right of action is not under his control, but depends upon the act of another; and when the act upon which his right to maintain an action depends is an official act to be performed by a public officer in the line of his official duty, there is no presumption that any delay in its performance was unreasonable.

In the present case the plaintiff had no right of action until after the issuance and return of the warrant, and there is nothing in the complaint from which it can be inferred that there was an unreasonable delay in the issuance of these documents. If it had appeared therein that the plaintiffs had neglected to make a demand therefor for an unreasonable time, or greater than the period during which the assessment would have been a lien upon the property, there might have been ground for holding them barred from enforcing the assessment; but, since the averments in the complaint are quite as consistent with holding that the delay in issuing the assessment was owing to the superintendent as to the plaintiffs, it must be held that it does not appear therefrom that the plaintiffs' cause of

action is barred by the statute. If in fact the delay resulted from such neglect or other conduct of the plaintiffs as should deprive them of the right to enforce the assessment, such defense can be fully set forth in the answer.

The judgment is reversed.

Van Fleet, J., and Garoutte, J., concurred.

Hearing in Bank denied.