LAMB & CO. EN LIQUIDACIÓN *v.* FANTAUZZI HERMANOS EN LIQUIDACIÓN.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 623.—Resuelto en marzo 21, 1911.

JUICIO EJECUTIVO—ACCIÓN PERSONAL—ACCION REIVINDICATORIA.—La acción que concedía el artículo 1477 de la antigua Ley de Enjuiciamiento Civil, en relación con el juicio ejecutivo para el cobro de cantidades líquidas en dinero efectivo o especie, es una acción personal en que puede discutirse la validez de la obligación y recobrarse lo que en juicio ejecutivo hubiere obtenido el ejecutante, sin que por ningún concepto pueda ser considerada como acción real reivindicatoria, porque su objeto no era la reclamación de determinado bien inmueble, sino discutir la cuestión de si se debía o nó la deuda reclamada en el ejecutivo.

Id.—Cosa Juzgada.—Para el ejercicio de la acción personal a que se refiere el párrafo anterior, no es necesario pedir y obtener la nulidad de los títulos adjudicados por la sentencia, pues la acción no se dirige contra los bienes, ni tampoco la nulidad del procedimiento ejecutivo, pues la sentencia dictada en éste no producían la excepción de cosa juzgada.

Prescripción—Alegaciones—Excepción Previa—Falta de Causa de Acción por Estar Prescrita la Acción.—Cuando de la faz de la demanda aparece la prescripción de la acción, dicha prescripción puede alegarse por virtud de una excepción previa general, al efecto de que la demanda no contiene hechos suficientes para constituir una causa de acción, por el fundamento de que ésta se halla prescrita, sin que sea necesario en tal caso especificar el artículo de la ley que determina la prescripción, pues este requisito sólo se exige en la contestación.

Id.—Cuando en la excepción previa se ha especificado el artículo de la ley en que se apoya la prescripción de la acción, y tal artículo no es el aplicable, sino otro distinto, no procede sostener la excepción, por no haber tenido oportunidad, el demandante, de defenderse de una controversia que no se planteó, debiendo concederse permiso al demandado para que presente nueva excepción de prescripción fundada en el artículo aplicable al caso.

Id.—Sentencia.—Declarada con lugar una excepción previa, y no habiendo el demandante enmendado la demanda, el demandado tiene derecho a que se dicte sentencia definitiva, no estando obligado a notificar al demandante la moción solicitando el pronunciamiento de tal sentencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rafael López Landrón.*

Abogado del apelado: *Sr. Luis Muñoz Morales.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Los Señores Lamb y Compañía en liquidación, presentaron en la Corte de Distrito de Guayama una demanda de fecha 20 de enero de 1910, dirigida contra los Señores Fantauzzi Hermanos en liquidación, titulada de ''Reivindicación y devolución de bienes ilegal y fraudulentamente rematados'' y en la que sustancialmente expusieron lo siguiente:

1°. Que durante el año 1893 los demandados, del comercio de Arroyo, hoy en liquidación, a pretexto de cobrar de Lamb y Cía. del comercio de Arroyo y de Saint Thomas, un saldo privado de cuenta corriente, ejecutaron, embargaron y se adjudicaron la hacienda ''Cuatro Calles,'' cuya propiedad tenían inscrita los ahora demandantes, usando para conseguirlo como título ejecutivo cierto crédito hipotecario constituído en 1886, que estaba novado y extinguido.

2º. Que el título expresado había sido legalmente novado y extinguido o pagado de antemano con el producido de plantaciones de cañas y con los arrendamientos de la citada hacienda.

3º. Que los ahora demandados, antes de proceder a la referida ejecución depreciaron y arruinaron la finca.

4º. Que el procedimiento ejecutivo instado por Fantauzzi Hermanos contra Lamb y Cía. se siguió sin oposición y en ausencia de éstos y con ciertos vicios en el procedimiento como la falta de firma del escribano y otros que relaciona y no son del caso consignar ahora; resultando de todo, que en 16 de octubre de 1893, se decreta la adjudicación a Fantauzzi Hermanos de los bienes embargados a Lamb y Cía., para pago de principal y costas.

5º. Que desde 1893 hasta ahora los gestores de Lamb y Cía. han estado ausentes en el extranjero y solo durante pocos días estuvieron en esta isla en 1899.

Con tales hechos concluyeron pidiendo que por vía de reivindicación se condenara a los demandados a restituir y devolver a los demandantes la hacienda "Cuatro Calles" con sus frutos, sin perjuicio de las liquidaciones y pago de cuentas correspondientes entre las partes y las costas.

Los demandados opusieron a esa reclamación dos excepciones: la de falta de hechos para determinar la causa de acción reivindicatoria que se ejercita; y la de que de la propia demanda aparece que han transcurrido más de cuatro años desde que se adjudicó la finca reclamada; y por tanto, está prescrita la acción de nulidad, según los artículos 1301 del antiguo Código Civil y 1268 y 1840 del revisado, por lo que se pidió que, sosteniéndose las excepciones se declarara sin lugar la demanda con costas.

En 6 de septiembre de 1910 resolvió el juez sosteniendo las excepciones y en 12 del mismo año los demandados solicitaron de la corte que toda vez que no había concedido permiso a los demandantes para enmendar, ni éstos lo habían solicitado, dic-

tara sentencia, moción que no aparece notificada a los demandantes.

El juez de distrito de dicha corte, fundándose en su resolución a las excepciones, en la moción de los demandados y en que los demandantes no habían ejercitado su derecho a enmendar dentro de las 24 horas que para ello concede la regla 7ª. de las de la corte y en que tampoco hasta esa fecha habían ofrecido enmendar ni habían solicitado autorización para hacerlo, dictó sentencia en 14 de septiembre de 1910, que fué registrada el mismo día, declarando sin lugar la demanda con todas las peticiones en ella contenidas y con imposición de costas a los demandantes.

De esta sentencia interpusieron apelación los demandantes para ante este tribunal y es la que pende ahora de resolución.

Los fundamentos que tuvo el juez inferior para la resolución de las excepciones y que motivó la sentencia fueron, que no se aducían hechos bastantes para ejercitar una acción real reivindicatoria y que la acción para pedir la nulidad del título de los demandados estaba prescrita, ya se haga aplicación del artículo 1268 del Código Civil revisado, como del 1865 del mismo texto, de acuerdo con las reglas generales establecidas para la prescripción. Leída detenidamente la demanda, pronto se observa que aun cuando titula su acción como de "Reivindicación y devolución de bienes ilegal y fraudulentamente rematados" los hechos de la alegación y aún la súplica de la misma, convencen de que no se ejercita la acción reivindicatoria ordinaria, común o genérica, como acertadamente sostienen los apelantes en su alegato, sino la acción que concedía el artículo 1477 de la Ley de Enjuiciamiento Civil vigente en la fecha en que tuvieron lugar los hechos objeto de este pleito, que es distinta de la acción real reivindicatoria.

El Título XV de esa antigua Ley de Enjuiciamiento Civil, regulaba el procedimiento para el cobro de cantidades líquidas en dinero efectivo y también para el de cantidades líquidas en especie, pero computándola a metálico, siempre que estuvieren vencidas y que excedieren de mil pesetas.

Era un procedimiento ejecutivo y sumario para hacer efectivas esas clases de créditos y en consideración a esto, es que el artículo 1477 disponía lo siguiente:

"La sentencia dictada en los juicios ejecutivos no producirán la excepción de cosa juzgàda, quedando a salvo su derecho a las partes para promover el declarativo sobre la misma cuestión."

De suerte que como esta disposición legal concedió una acción a las partes para promover el declarativo sobre la misma cuestión, es claro y evidente que, de acuerdo con él los Sres. Lamb y Cía. tenían acción para promover el juicio declarativo sobre lo que fué objeto de aquel juicio sumario; y como en él se reclamó un crédito que dió lugar a la sentencia por virtud de la cual se vendieron bienes de dichos señores para satisfacerla y como ellos ahora alegan que aquel crédito estaba novado, extinguido y pagado, es indudable que tenían el derecho que le concedió dicho precepto para demostrar en el juicio declarativo que por las razones que alegan tal crédito contra ellos, era ineficaz e inválido y no debía producir su condena y venta de sus bienes y para que como consecuencia de una sentencia favorable se les devolviese lo que sus ejecutantes habían obtenido y los perjuicios que les hubieren irrogado al utilizar un título ineficaz.

No era propiamente una acción real reivindicatoria, para perseguir los bienes muebles o inmuebles que hubieran sido ejecutados y rematados para el pago de la deuda, sino sencillamente, como hemos dicho, para discutir la validez de la obligación y recobrar lo que por la sentencia obtuvieron los ejecutantes.

Siendo, pues, una acción de esa naturaleza, la demanda contiene hechos bastantes para determinar una causa de acción, si no está prescrita, ya que alega la tramitación y resolución de aquel ejecutivo y que el crédito reclamado, no se debía en virtud de novación y pago.

Para ejercitar esa acción no era necesario pedir y obtener la nulidad de los títulos adjudicados por la sentencia, ya que

la acción no era directa contra los bienes, ni tampoco la nulidad del procedimiento, que no concedía aquella ley y cuyo principio aplicaron las sentencias del Tribunal Supremo de España de veinte y ocho de abril de 1876, seis de mayo y catorce de diciembre de 1891. Por consiguiente, no hay acción alguna de nulidad de título que esté prescrita.

Hemos dicho antes que tal acción no era la real reivindicatoria, común o genérica, como alegan los apelantes; y no lo es, porque no se concedía para reclamar determinado bien inmueble sino para discutir la cuestión de si se debía o nó la deuda reclamada y para en este último caso obtener la devolución de lo pagado y las costas y perjuicios. Por consiguiente, no era una acción real, sino personal, que la ley concedía a ambas partes.

Los demandados no alegaron la prescripción de la acción que en realidad se ejercita, sino que estimando aducida la de nulidad del título de adjudicación de la hacienda "Cuatro Calles," alegaron la prescripción de ésta, a cuyo fin señalaron determinada y concretamente el artículo 1301 del Código Civil antiguo, concordante con el 1268 del revisado; y como ninguno de estos preceptos son aplicables a este caso, debió también desestimarse esa excepción.

Es cierto que cuando de la faz de la demanda, aparece la prescripción de la acción, ésta puede ser sostenida por excepción bajo el fundamento de que no aduce hechos bastantes para determinar una causa de acción porque se halla prescrita, sin que sea necesario en tal caso especificar el artículo de la ley que la ampara, ya que este requisito exigido por el artículo 128 del Código de Enjuiciamiento Civil, igual al 458 del de California, se refiere al caso de que la prescripción de la acción se alegue como defensa al contestar la demanda. (Véase *Brown* v. *Martin*, 25 Cal., 82, y *William* v. *Bergin*, 116 Cal., 56.)

Pero cuando en la excepción se ha especificado, como en el caso presente, el artículo de la ley en que se apoya la excepción de prescripción de la acción, y tal artículo no es el aplicable, sino otro distinto, no sería justo sostener en tales condiciones

la excepción bajo ese otro precepto, porque no fué propuesta la cuestión de acuerdo con él y los demandantes no tuvieron oportunidad de defenderse de una controversia que no se le planteó, en cuyo caso debe desestimarse la excepción. (*Bank v. Wickersham,* 99 Cal., 655.)

Y aunque la regla general es que la prescripción debe ser alegada en la primera oportunidad, sin embargo, puede y debe concederse permiso para presentar otra excepción de prescripción cuando de no hacerse así resultaría un grave perjuicio o injusticia para los demandados, quienes si bien alegaron oportunamente esa excepción, citaron con error el precepto legal aplicable.

En el acto de la vista alegaron los apelantes que la sentencia se convirtió en definitiva sin que se les notificara la moción que para ello hicieron los demandados. Habiendo sido declarada con lugar por la corte la excepción previa, y no habiendo enmendado la demanda, la sentencia fué una consecuencia necesaria. (*Vega y otros* v. *Rodríguez y otros,* fallado por este tribunal en 6 de marzo de 1911, y *Capó* v. *Capó,* resuelto en 7 del mismo mes y año.)

Somos, pues, de opinión que las excepciones de falta de hechos en la demanda para determinar una causa de acción y la de prescripción por el fundamento legal en que ha sido fundada, deben ser desestimadas y revocada la sentencia, sin costas, ordenando que se conteste la demanda, sin perjuicio de permitir cualquier otra alegación compatible con la justicia.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary, no intervino en la resolución de este caso.