[Civ. No. 1195.   First Appellate District.—April 28, 1913.]

## C. H. JENKINS, Appellant, v. GEORGE T. MARSH, Respondent.

LIMITATION OF ACTIONS—AGREEMENT TO REPURCHASE STOCK—DELAY IN MAKING DEMAND.—An action to enforce an oral agreement to repurchase corporate stock upon demand is barred by the statute of limitations if no demand is made until five years after the making of the contract.

ID.—DEMAND OF PERFORMANCE—UNNECESSARY DELAY IN MAKING.— Where a party's right to sue depends for its perfection solely upon a demand by him to put his adversary in default, he cannot indefinitely and unnecessarily extend the bar of the statute by deferring such demand, but must make it within a reasonable time.

ID.—REASONABLE TIME FOR MAKING DEMAND—PERIOD OF LIMITATIONS.— What is deemed a reasonable time is a period coincident with that provided in the statute of limitations for barring the action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. E. Prewett, Judge presiding.

The facts are stated in the opinion of the court.

Arnold W. Liechti, for Appellant.

J. L. Geary, Jr., for Respondent.

MURPHEY, J., *pro tem.*—In this action the plaintiff sues to recover the sum of two thousand dollars upon an oral agreement of the defendant, made on or about the second day of March, 1906, to repurchase from the plaintiff, at any time thereafter and upon the demand of the defendant, certain stock in the George C. Bornemann Company, a corporation, and pay therefor the sum of two thousand dollars; the consideration for said agreement being the investment on said date by the plaintiff of the sum of two thousand dollars in the stock of the said George C. Bornemann Company.   No demand was made upon the defendant by the plaintiff to take the stock in question and no tender thereof was made until the twenty-seventh day of May, 1911, more than five years

after the consummation of the agreement relied upon as the basis of this action.   Upon this showing, taken in connection with the entire circumstances of the case as developed by the evidence, the trial court at the conclusion of plaintiff's case granted the motion of the defendant for a nonsuit, upon the ground that the cause of action was barred by section 339 of the Code of Civil Procedure.

There is nothing in the nature of the contract or in the proofs adduced at the trial to support the theory contended for by plaintiff that he should have an indefinite time in which to signify his determination to require the defendant to take the stock under the terms of the contract; neither does the record disclose that the parties ever intended or contemplated any such construction.   On the contrary, it is not disputed that the plaintiff was an officer and employee of the Bornemann Company, and had at all times a full knowledge of the business and financial *status* of the corporation; that within two months after entering into the obligation here in controversy the entire business and assets of the corporation were destroyed by the great fire of 1906; that again in January, 1911, the corporation was compelled to make an assignment on account of its inability to meet its obligations, and that during all this time and for several months thereafter the plaintiff had made no move to assert or establish his rights under the contract.

Under these circumstances we concur in the conclusion of the learned judge of the trial court that ''It would be extraordinarily unreasonable, to say the least, that a defendant should be held to comply with a contract to repurchase stock when the demand was delayed for more than five years after entering into the obligation.''

The authorities in this and other jurisdictions sustain the principle of law that where a demand is necessary to perfect a right of action, and the contract is silent with reference to the time within which such demand must be made, then it must be made within a reasonable time, and that the statute of limitations is determinative of that question.

''Where a party's right to sue depends for its perfection solely upon the necessity of a demand by him to put his adversary in default he cannot indefinitely and unnecessarily extend the bar of the statute by deferring such demand, but

must make it within a reasonable time. (*Palmer* v. *Palmer,* 36 Mich. 487, [24 Am. Rep. 605]; *Hintrager* v. *Truat,* 69 Iowa, 746, [27 N. W. 807]; *Steele* v. *Steele,* 25 Pa. St. 154; *Bills* v. *Silver King Min. Co.,* 106 Cal. 9, [39 Pac. 43].) What is deemed a reasonable time has been uniformly held to be a period coincident with that provided in the statute of limitations for barring the action." (*Thomas* v. *Pacific Beach Co.,* 115 Cal. 136, [46 Pac. 899].)

Again in the case of *Williams* v. *Bergin,* 116 Cal. 56, [47 Pac. 877], the supreme court says: "The rule is well settled that when the plaintiff's right of action depends upon some act which he has to perform preliminarily to commencing suit, and he is under no restraint or disability in the performance of the act, he cannot suspend indefinitely the running of the statute of limitations by a delay in performing such preliminary act; and that if the time within which such act is to be performed is indefinite and not specified, a reasonable time will be allowed therefor, and the statute will begin to run after the lapse of such reasonable time."

Allowing the plaintiff full two years from the date of the contract in which to make his demand, three years more were allowed to elapse before plaintiff made such demand or brought this action. Under these circumstances we are satisfied that the statute of limitations had run before the action was commenced.

The bar of the statute was pleaded in the answer.

The judgment is affirmed.

Hall, J., and Lennon, P. J., concurred.