[Civ. No. 3864.   Second Appellate District, Division Two.—July 19, 1922.]

CRAIG HUTCHINSON, Respondent, v. UNITED STATES FIDELITY & GUARANTY CO. (a Corporation), Appellant.

[1] UNDERTAKING — RELEASE OF ATTACHMENT—ACTION BY JUDGMENT CREDITOR—JUDGMENT ON PLEADINGS.—A judgment on the pleadings is justified in an action by a judgment creditor upon an undertaking given to secure the release of an attachment where the answer fails to deny the allegations of the complaint that execution on the judgment was duly and regularly issued, and

thereafter duly and regularly returned and filed in the office of the county clerk wholly unsatisfied.

[2] ID.—ACTION ON UNDERTAKING — OBJECT OF CODE PROVISION.—The object of section 552 of the Code of Civil Procedure, which provides that if the execution be returned unsatisfied the plaintiff may prosecute any undertaking given on attachment, is to give relief to the obligee named in the undertaking whenever all the ordinary remedies have been resorted to without avail, and such condition exists when execution has been regularly issued and returned unsatisfied.

[3] ID.—STATUTE OF LIMITATIONS—WHEN CAUSE OF ACTION ACCRUES. A cause of action on a bond given to secure the release of an attachment under section 540 of the Code of Civil Procedure accrues as soon as execution against the judgment debtor has been returned unsatisfied.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

James M. O'Brien for Appellant.

Cooper, Collings & Shreve for Respondent.

FINLAYSON, P. J.—This action is upon an undertaking executed by defendant, as surety, for the release of property that had been taken under a writ of attachment in an action brought by the plaintiff here against A. Lincoln Miller and others. The undertaking, which was given pursuant to section 540 of the Code of Civil Procedure, binds defendant to pay to plaintiff, on demand, the amount of whatever judgment the latter might obtain in the action which he had brought against Miller et al. Defendant having appeared and answered, plaintiff moved for a judgment on the pleadings, claiming that defendant's answer raised no material issue. The motion was granted, and defendant now appeals from the judgment. Insisting that its answer does present material issues, one in the form of a denial and another in the form of new matter, appellant contends that in granting plaintiff a judgment on the pleadings the lower court committed reversible error.

[1]    After averring that on January 24, 1921, he re-
covered a judgment for $2,024.90 against Miller et al. in the
action wherein the defendant here had given the under-
taking to release the attachment, plaintiff alleges in his
complaint that on February 4, 1921, "execution was duly
and regularly issued out of said court [the court in which
the action against Miller et al. was pending], and remedy
thereon regularly pursued, and on the fourth day of March,
1921, said execution was duly and regularly returned and
filed in the office of the county clerk . . . wholly unsatis-
fied." None of these averments is denied except that de-
fendant denies, on information and belief, that "the rem-
edy on said execution was regularly pursued." It is ap-
pellant's contention that this denial raises a material issue,
and that, therefore, it was error to render judgment on
the pleadings. The contention lacks merit.

It is provided by section 552 of the Code of Civil Pro-
cedure that "if the execution be returned, unsatisfied, in
whole or in part, the plaintiff may prosecute any under-
taking given pursuant to section five hundred and forty or
section five hundred and fifty-five, or he may proceed, as
in other cases, upon the return of an execution." As we
have seen, it is alleged in the complaint, and not denied in
the answer, that "execution was *duly* and *regularly* is-
sued" on February 4, 1921, and that four weeks thereafter
"said execution was *duly* and *regularly* returned and filed
in the office of the county clerk . . . wholly unsatisfied."
[2]    The object of section 552 is to give relief to the
obligee named in the undertaking whenever all the ordinary
remedies have been resorted to without avail. But all such
remedies have been resorted to without avail when execu-
tion has been regularly issued and regularly returned un-
satisfied. When that has been done, the condition of the
surety's undertaking is broken and he becomes liable to an
action. Section 552 does not demand that there shall in
fact be no property. It demands no more than that execu-
tion shall be returned by the sheriff showing that the judg-
ment remains unsatisfied in whole or in part. It is not
a question of the existence of sufficient property, but of
the existence of a return by the officer showing the judg-
ment to be unsatisfied. If the sheriff was derelict in his
duty, there is a complete remedy on his bond. Fraud and

collusion in making the return, for the purpose of basing an action thereon against the surety, may alter the rule; but nothing short of such fraud and collusion will alter it. (See *Hall* v. *McGregor*, 65 W. Va. 74 [64 S. E. 736]; *Clements* v. *Waters*, 90 Ky. 96 [13 S. W. 431], and *Stoors* v. *Kelsey*, 2 Paige (N. Y.), 418.) No cause of fraud or collusion appears here. If defendant has any reason to believe that plaintiff and the sheriff fraudulently colluded to make a false return, it should have set up in its answer the facts which constitute such fraud and collusion. That it has failed to do. Its admission that the execution was "duly and regularly" returned is equivalent to an admission that the return is not a "false return."

Appellant refers us to the following language used by our supreme court in *Passow & Sons* v. *United States F. & G. Co.*, 177 Cal. 34 [170 Pac. 1124]: "The thing contemplated and required by section 552 is that the plaintiff in the attachment suit shall exhaust his remedy by execution before proceeding against the surety on the undertaking. It is therefore necessary that he shall show in his complaint upon the undertaking that the remedy by execution has been regularly pursued, and that a return of the execution unsatisfied in whole or in part was regularly made before the action was begun." Because the court said in that case that the plaintiff in such an action as this should show in his complaint that "the remedy by execution has been regularly pursued," appellant claims that something more is required than a showing that execution was regularly issued and regularly returned unsatisfied. But the remedy by execution is regularly pursued when the plaintiff causes the writ to be regularly issued and it is regularly returned by the officer. In *Jones* v. *Green*, 1 Wall. 330 [17 L. Ed. 553, see, also, Rose's U. S. Notes] (a judgment creditor's suit), Mr. Justice Field, speaking for the court, said: " . . . the court, when its aid is invoked, looks only to the execution and the return of the officer to whom the execution was directed. The execution shows that the remedy afforded at law has been pursued, and, of course, is the highest evidence of the fact. The return shows whether the remedy has proved effectual or not, and from the embarrassments which would attend any other rule, the return is held conclusive. The court will

not entertain inquiries as to the diligence of the officer in endeavoring to find property upon which to levy. If the return is false, the law furnishes to the injured party ample remedy.'' (See, also, *William Wright Co.* v. *Frazer,* 109 Mich. 139 [66 N. W. 954], and *Hunt* v. *Weiner,* 39 Ark. 70.)

[3] Coming now to the claim that the answer pleads an affirmative defense of new matter. It is alleged in the answer that at the time of the commencement of the present action a motion for a new trial was pending in the action against Miller and others—the action wherein the defendant here gave the undertaking which is the subject of the present action. It also is alleged that when the present action was commenced the time to appeal from the judgment in the other action had not expired. Wherefore, it is contended that this action was prematurely brought. It is conceded by appellant that this contention is directly opposed to the ruling of the district court of appeal in *Bailey* v. *Aetna Indemnity Co.,* 5 Cal. App. 740 [91 Pac. 416]. In that case it was held that the cause of action on a bond given under section 540 accrues as soon as execution against the defendant has been returned unsatisfied. It is claimed, however, that the Bailey case, in so far as the point under consideration is concerned, is opposed to the reasoning of the supreme court in *Cook* v. *Ceas,* 143 Cal. 221 [77 Pac. 65]. We are satisfied with the reasoning of the court in the Bailey case, and think that the opinion there points out clearly why it is that the Cook case is distinguishable from such an action as this.

The judgment is affirmed.

Works, J., and Craig, J., concurred.