[Civ. No. 9771.   First Appellate District, Division Two.—September 30, 1935.]

D. L. O'HAIR, as Administrator, etc., Respondent, v. UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Appellant.

Horace W. B. Smith and Theodore Tamba for Appellant.

Alma M. Myers for Respondent.

SPENCE, J.—This is an appeal by defendant from a judgment in favor of plaintiff.   The action was one brought upon a bond given under section 540 of the Code of Civil Procedure.

Said bond was executed in 1922 to obtain the release of an attachment in an action entitled *P. E. O'Hair* v. *Pacific City,*

a corporation. Judgment was entered in favor of the plaintiff in that action on September 7, 1923. Defendant therein took an appeal, but no undertaking on appeal was filed. Shortly thereafter the plaintiff in said action died. In 1927, plaintiff herein was appointed administrator of the estate of P. E. O'Hair and was substituted as plaintiff in the action above mentioned. In 1928, the appeal in said action was dismissed and shortly thereafter execution was issued and returned unsatisfied. In 1931, the plaintiff commenced this action to recover upon said bond.

It is the contention of appellant that the cause of action was barred by the provisions of section 337 of the Code of Civil Procedure but in our opinion this contention cannot be sustained. ■ It is well settled that ordinarily the right of action upon such bond accrues when execution has been returned unsatisfied (Code Civ. Proc., sec. 552; *Hutchinson* v. *United States etc. Co.*, 58 Cal. App. 573 [209 Pac. 249]; *Bailey* v. *Aetna Indemnity Co.*, 5 Cal. App. 740 [91 Pac. 416]), and in the present case, the action was commenced within four years after that time.

Appellant points out, however, that no undertaking on appeal was filed in the other action and respondent and his predecessor could have caused execution to be issued at any time after the entry of judgment in 1923. (*Hutchinson* v. *United States etc. Co., supra.*) Appellant then argues that the cause of action on the bond is barred as respondent and his predecessor delayed the issuance of execution for an unreasonable length of time. In our opinion appellant's position cannot be sustained.

Our attention has not been called to any authorities directly in point but appellant relies upon numerous authorities applying the principle set forth in *Williams* v. *Bergin*, 116 Cal. 56, at pages 60 and 61 [47 Pac. 877, 879]. ■ This principle has been stated in varying terms in the several cases cited but it is generally based upon the proposition that no one can suspend the running of the statute of limitations indefinitely and thereby defeat its purpose by unreasonably delaying the making of a demand or by unreasonably delaying the doing of some other act. In *Williams* v. *Bergin, supra,* at page 61, it is said, "What is a reasonable time will depend upon the circumstances of each case. A party cannot by his

own negligence, or for his own convenience, stop the running of the statute.''

We are of the opinion that under the facts before us the issuance of execution was had within a reasonable time as execution was issued almost immediately after the judgment became final. It is true that in the absence of the filing of an undertaking on appeal, respondent and his predecessor could have caused the issuance of execution before the cause was finally determined, but they were not negligent in failing to do so nor can it be said that the delay was merely for their own convenience. Satisfaction of a judgment is not ordinarily sought by execution until after the judgment becomes final, and a judgment creditor should not be compelled at his peril to seek satisfaction by execution before obtaining a final judgment and he should not be prejudiced in his rights by his failure to do so. While the rule for measuring a ''reasonable time'' as stated in *Jenkins* v. *Marsh,* 22 Cal. App. 8 [132 Pac. 1051], is applicable to cases ''where a party's right to sue depends for its perfection solely upon the necessity of a demand by him to put his adversary in default,'' we find nothing in any of the authorities cited which indicates that such rule should be extended to cover the facts before us. We are therefore of the opinion that the trial court correctly concluded that respondent's cause of action was not barred.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 30, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 25, 1935.