[No. 19181. Department Two.— October 9, 1893.]

THE BANK OF SAN LUIS OBISPO, APPELLANT, v. ISAAC G. WICKERSHAM ET AL., RESPONDENTS.

PLEADING — DEMURRER — STATUTE OF LIMITATIONS — SPECIFICATION OF SECTIONS OF CODE.— Where a demurrer to a complaint, on the ground that the cause of action is barred by the statute of limitations, specifies the particular sections upon which the defendant relies to defeat the action, only the sections specified are pleaded, and the question as to whether or not the cause of action is barred by any other section or sections cannot be considered.

ID. — ACTION BY BANK TO RECOVER PURCHASE-MONEY OF STOCK — RELIEF ON GROUND OF FRAUD. — An action by a banking corporation to recover from a defendant a sum of money paid to him by the corporation as the purchase price of certain shares of the capital stock of the corporation and for an accounting for profits made by him from the use of the money, upon the ground that the sale was the result of a fraudulent conspiracy between the defendant and his co-defendants, is an action for relief upon the ground of fraud, the limitation for which is prescribed by subdivision 4 of section 338 of the Code of Civil Procedure, and a demurrer to the complaint specifying that the cause of action is barred by other sections does not present the question whether such cause of action is barred by subdivision 4 of section 338 of the Code of Civil Procedure, although a demurrer, upon the general ground that the action is barred by the statute of limitations, without naming any particular section, might be sufficient.

ID. — RESCISSION OF CONTRACT OF PURCHASE — OFFER TO RETURN STOCK — INSUFFICIENT COMPLAINT.— A complaint by a banking corporation which seeks to recover of a defendant a sum of money paid by it as a purchase price of cer-

tain shares of stock, on the ground of fraud in the sale, does not state a cause of action, or show any right to relief, where it does not state a rescission of the contract of sale or aver any offer to return the stock purchased, within a reasonable time.

ID. — CORPORATION — PURCHASE OF SHARES BY BANK — CONTRACT ULTRA VIRES — EXTINGUISHMENT OF STOCK — TENDER UPON RESCISSION — NEW CERTIFICATE. — The purchase by a banking corporation of shares of its capital stock, though *ultra vires*, does not extinguish the stock so as to prevent its return by the corporation to the vendor upon a rescission of the contract; but the only effect of the transaction is to reduce the amount of the subscribed capital stock, leaving the corporation free to again issue the same number of shares to any one desiring to subscribe for its capital stock, and the tender of a new certificate therefor to the vendor would in legal effect be a tender of the same shares sold to the corporation.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion of the court.

*James L. Crittenden,* and *Graves & Graves,* and *H. S. Foote,* for Appellant.

The purchase of the shares of stock by the plaintiff was an invalid transaction and should be set aside. (Cook on Stocks and Stockholders, 2d ed., sec. 312; *Currier* v. *Lebannon Slate Co.,* 56 N. H. 262; *Alexander* v. *Relfe,* 74 Mo. 495.) The cause of action is not barred by the statute of limitations. The statute was not enacted or intended to cover up and protect concealed frauds on the part of agents and their confederates. (*Bailey* v. *Glover,* 21 Wall. 347, 348.) The sale of the stock wrongfully and fraudulently made was in the year 1876, but the facts that showed it to be a fraud were not discovered until March, 1891. The case is one of *secret* fraud, and such secret fraud is always a ground for equitable relief. (*Lataillade* v. *Orena,* 91 Cal. 575, 577; 25 Am. St. Rep. 219; *Bailey* v. *Glover,* 21 Wall. 347, 348; *Traer* v. *Clews,* 115 U. S. 537; *Kilbourn* v. *Sunderland,* 130 U. S. 513.) The fraudulent concealment of a cause of action prevents the running of the statute of limitations. (*Kane* v. *Cook,* 8 Cal. 449, 456; *Lataillade* v. *Orena,* 91 Cal. 575, 577; 25 Am. St. Rep. 219; *Stewart* v. *McBurney,* 1 Atl. Rep. 639–641, and cases cited on p. 643, note 14; *Appeal of Deake,* 80 Me. 50, and cases cited; *Traer* v. *Clews,* 115 U. S. 537; *Sears* v. *Hincklin,* 13 Colo. 143; *Carrier* v. *Chicago etc. R'y Co.,* 79 Iowa, 80;

*Cook* v. *Chicago etc. R'y Co.*, 81 Iowa, 551; 25 Am. St. Rep. 512; *Kilbourn* v. *Sunderland*, 130 U. S. 513; 30 Cent. L. J. 369, 373, subd. 8, and cases in notes 21–23, 26, p. 291, subd. 5, and note 11; *Jacobs* v. *Snyder*, 76 Iowa, 522; 14 Am. St. Rep. 235; *Carpentier* v. *City of Oakland*, 30 Cal. 439.) No tender or offer to restore the stock was necessary. (Code Civ. Proc., sec. 1691.) Every person who participates in a conspiracy or combination to defraud or to do an illegal act is equally liable with those obtaining the benefit or advantage thereof. (Cooley on Torts, pp. 133–135; *Stiles* v. *White*, 11 Met. 358; *Hubbard* v. *Briggs*, 31 N. Y. 529; *Fenn* v. *Curtis*, 23 Hun. 390, 391; *Commonw.* v. *Harley*, 7 Met. 466; *Pasley* v. *Freeman*, 3 Durn. & E. 57–59; *Addington* v. *Allen*, 11 Wend. 375, 383, 389; *Platt* v. *Tuttle*, 23 Conn. 236, 237.)

*Wilcoxon & Bouldin*, and *Lippitt & Lippitt*, for Respondents.

The action is barred by the statute of limitations. (Code Civ. Proc., sec. 337, subd. 1; secs. 339, 343.) The statute begins to run from the time the wrong was done. (*Hecht* v. *Slaney*, 72 Cal. 363.) The fact of the recent discovery of Wickersham as the wrong-doer makes no difference. (*Gale* v. *McDaniel*, 72 Cal. 334.) The means of knowledge were open to the bank, and it is charged with notice of the fraud. (*Wickersham* v. *Crittenden*, 93 Cal. 17; *Wood* v. *Carpenter*, 101 U. S. 135; *Burke* v. *Smith*, 16 Wall. 390; *Brown* v. *Buena Vista Co.*, 95 U. S. 157; *Moore* v. *Boyd*, 74 Cal. 167, and cases cited.)

DE HAVEN, J.—The plaintiff is a banking corporation, and in its complaint alleges that on September 10, 1876, it was financially embarrassed and unable to meet its liabilities without borrowing large sums of money, and that the defendant Wickersham was then the owner of four hundred shares of its stock, each share being of the par value of one hundred dollars, but the actual value of which did not exceed seventy-five dollars per share, and that the plaintiff was then offering the unsold shares of its capital stock for eighty dollars per share, but was unable to find subscribers therefor. It is further alleged that the defendant Wickersham and his co-defendants entered into a conspiracy to transfer to the defendant Wickersham forty

thousand dollars of the money and assets of plaintiff, through and by means of a sale of said four hundred shares of its own stock then owned by him, and that for the purpose of concealing from plaintiff the fact that he was the real vendor of the stock, it was further agreed between defendants that the sale should appear to be made by the defendants Steele and Harford, as the owners of such stock; and that in pursuance of such conspiracy the defendant Phillips, then president of plaintiff, and acting in its behalf, purchased said stock from defendants Steele and Harford for the sum of forty thousand dollars, and on September 10, 1876, paid such agreed price therefor out of the moneys belonging to plaintiff, and caused the transaction to be entered in the books of plaintiff as a purchase of said stock by plaintiff from defendants Steele and Harford. It is also alleged that Steele and Harford paid over to Wickersham the money thus received by them. It is also averred in the complaint that defendant Wickersham induced and coerced the defendant Phillips to enter into the agreement for the purchase of said four hundred shares of stock by threatening to institute proceedings against him charging him with the embezzlement of moneys belonging to plaintiff while he was such president. The complaint then proceeds to state that Phillips ceased to be president of the plaintiff corporation on October 10, 1876, one month after the transaction complained of in this action, and that he kept in his private custody certain letters written to him by defendant Wickersham in relation to the sale of said stock until on or about March 15, 1891, when he delivered the same to J. L. Crittenden, president of plaintiff, upon being requested by the latter to search for and ascertain whether he still had any letters in his possession written to him while he was president, and in relation to the business of plaintiff, and said Phillips at the same time disclosed to said Crittenden the facts in relation to Wickersham's connection with the sale of said stock, and the threats made by said Wickersham which induced him to agree to the purchase; and in this connection the complaint further states that the facts constituting the fraud in the sale of such stock as set forth in the complaint "were then and thereby first ascertained and discovered by said corporation and its stockholders."

It is not stated in the complaint that either of the defendants was a director of plaintiff at the time of the purchase and sale of the stock referred to, with the exception of the defendant Phillips, who is inferentially alleged to have been one of its then directors, and there is no averment that plaintiff has ever offered to return the stock received by it as the result of the purchase complained of. The prayer of the complaint is for a judgment against Wickersham for the amount paid to him upon the sale of the stock, and that he account to plaintiff for all profits made by him from the use of such money, and for such other relief against him and the other defendants as shall be deemed proper.

Wickersham and Steele were the only defendants who seem to have appeared in the superior court, and they demurred to the complaint upon the grounds,— 1. That the same does not state facts sufficient to constitute a cause of action; and 2. That the alleged cause of action is barred by sections 337, 343, and subdivision 1 of section 339 of the Code of Civil Procedure. The demurrer was sustained, and judgment thereupon rendered in favor of defendants Wickersham and Steele. The plaintiff appeals.

The action is one for relief upon the ground of fraud, and the law prescribing the limitation for such an action is found in subdivision 4 of section 338 of the Code of Civil Procedure, which provides that actions for relief upon the ground of fraud or mistake shall be brought within three years, "the cause of action in such cases not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistakes." The demurrer does not present the question whether the cause of action attempted to be stated in the complaint is or is not barred by this provision of the statute of limitations, and we are, therefore, not called upon to determine whether the complaint shows plaintiff's discovery of the facts constituting the fraud complained of within three years of the commencement of the action, within the meaning of the law. That question has been elaborately argued by counsel, but it is clear to us that it is not raised by the demurrer. It was held in *Brennan* v. *Ford*, 46 Cal. 7, that it is a sufficient plea of the statute of limitations, by way of demurrer, to say that the com-

plaint does not state facts sufficient to constitute a cause of action, because "it appears therefrom that the cause of action is barred by the statute of limitations"; but, assuming this to be the correct rule when applied to a demurrer upon this ground, we think it must be held that when, as in the present case, a demurrer does specify the particular sections upon which the defendant relies to defeat the action, no other sections of the statute are pleaded, and the only question for decision is whether the cause of action is barred by the particular section or sections mentioned in the demurrer, and thus interposed as a bar. It is only necessary to add upon this point that the plaintiff's cause of action is not barred by either of the sections of the Code of Civil Procedure referred to in the demurrer, as the cause of action attempted to be stated in the complaint is not embraced in either of the classes of actions mentioned in those sections.

The demurrer was, however, properly sustained upon the other ground stated therein. The complaint does not state facts sufficient to constitute a cause of action. The plaintiff is not entitled to any relief because of the alleged fraud practiced upon it in the sale of the stock without a complete rescission of the contract of sale, and to effect this it was incumbent upon plaintiff to act with reasonable diligence and return, or offer to return, to defendants the stock received from them under the contract. It cannot be permitted to retain the shares of stock thus received by it, and at the same time recover from defendants the money paid to them as the purchase price of such stock. This would be contrary to justice and can receive no countenance in a court of equity. There is no averment in the complaint of any offer on the part of plaintiff to return the stock purchased, and plaintiff apparently rested satisfied with the contract for more than fifteen years. Counsel for plaintiff do not dispute the general proposition that to entitle one to rescind a contract, he must restore to the other party everything of value received from him under such contract, but it is claimed by them that the stock was extinguished by the sale, and therefore cannot be legally returned, and that all defendant Wickersham can justly claim is to receive in the statement of the account demanded in the complaint a credit for the value of,

such stock at the time of the sale. We do not agree with counsel upon this point. The shares of stock were not extinguished by the sale in such sense that they could not be re-issued by plaintiff to any one subsequently subscribing for shares of its capital stock. Plaintiff's purchase did not reduce the number of shares which plaintiff was authorized to issue by its articles of incorporation. The only effect of the transaction was to reduce the amount of the subscribed capital stock, leaving the plaintiff free to again issue the same number of shares to any one desiring to subscribe for its capital stock. (Cook on Stocks and Stockholders, secs. 282, 314; 1 Morawetz on Private Corporations, sec. 114; *State* v. *Smith*, 48 Vt. 266; *Williams* v. *Savage Manuf. Co.*, 3 Md. Ch. 451; *American R'y Frog Co.* v. *Haven*, 101 Mass. 398; 3 Am. Rep. 377.)

The contract of sale was *ultra vires*, and resulted in an illegal withdrawal of plaintiff's capital actually paid in, but the stock was not actually extinguished, and so long as there remained that number of shares of its capital stock unsold by it, the plaintiff could at any time have issued a new certificate therefor, and tendered the same to defendants, which would in legal effect have been a tender of the same shares sold by them to plaintiff.

It follows from these views that the judgment must be affirmed.

Judgment affirmed.

McFarland, J., and Fitzgerald, J., concurred.

Hearing in Bank denied.