LAMB & CO., IN LIQUIDATION, *v.* FANTAUZZI HERMANOS, IN LIQUIDATION.

APPEAL from the District Court of Guayama.

No. 623.—Decided March 21, 1911.

EXECUTION PROCEEDINGS—PERSONAL ACTION—ACTION TO RECOVER.—The action which was allowed by article 1477 of the former Law of Civil Procedure, in connection with the executory action to recover net amounts in cash or in kind, is a personal action wherein may be discussed the validity of an obligation, and the judgment obtained by the execution creditor in an executory proceeding may be recovered, but in no sense can it be considered a real action to recover possession, because its object was not the demand of a specific real property, but the discussion of the question as to whether or not the debt claimed in the execution proceeding was due.

ID.—RES JUDICATA.—For the exercise of the personal action referred to in the foregoing paragraph it is not necessary to request and obtain the annulment of the titles awarded by the judgment, the action not being directed against the property nor for the annulment of the execution proceedings, since the judgment rendered in the latter did not produce the effect of *res judicata.*

PRESCRIPTION—ALLEGATIONS—DEMURRER—LACK OF CAUSE OF ACTION BECAUSE PRESCRIBED.—When upon the face of the complaint it appears that the action has prescribed, said prescription may be alleged by a general demurrer to the effect that *the complaint does not state facts sufficient to constitute a cause of action for the reason that the latter has prescribed,* without the necessity of specifying, in such case, the section of the law determining the prescription, this requisite being necessary only in the answer.

ID.—When in the demurrer the section of the law upon which the prescription of the action is based has been specified, and such section is not applicable, but a different one, the demurrer should not be sustained, because the plaintiff had no opportunity to defend himself from a controversy that had arisen, permission being given the defendant to file another demurrer pleading prescription based on the section applicable to the case.

ID.—JUDGMENT.—When a demurrer has been sustained and the plaintiff has not amended the complaint, the defendant is entitled to a final judgment and is not obliged to serve upon the plaintiff notice of the motion requesting that such judgment be rendered.

The facts are stated in the opinion.

Mr. *Rafael López Landrón* for appellant.

Mr. *Luis Muñoz Morales* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

Messrs. Lamb & Co., in Liquidation, filed with the District Court of Guayama a complaint dated January 20, 1910, directed against Messrs. Fantauzzi Hermanos, in Liquidation, entitled "For the recovery of property illegally and fraudulently sold by public auction," wherein they substantially set forth the following:

1. That during the year 1893 the defendants, merchants of Arroyo, now in liquidation, under the pretext of recovering from Lamb & Co., doing business in Arroyo and St. Thomas, a private balance of account current, executed, attached, and adjudicated to themselves the estate "Cuatro Calles," whereof the ownership was recorded in favor of the present plaintiffs, said defendants employing for the purpose of obtaining their object, by way of executory title, a certain mortgage credit constituted in 1886, that had undergone a novation and was extinguished.

2. That the aforesaid credit had undergone a novation and was extinguished or paid in advance from the proceeds of the cane plantations and leases of aforesaid estate.

3. That the defendants herein, before proceeding to the aforesaid execution, had depreciated and ruined the estate.

4. That the execution proceedings instituted by Fantauzzi Hermanos against Lamb & Co. were prosecuted without opposition and in the absence of the latter, and with some defect of procedure, such as lack of notary's signature and other defects that are noted but need not be specified here; the result of the whole being that on October 16, 1893, all the properties attached belonging to Lamb & Co. were adjudicated to Fantauzzi Hermanos in payment of principal and costs.

5. That from 1893 the managing partners of Lamb & Co. have been abroad, and were in this Island only for a few days in 1899.

Upon the strength of these facts they closed, praying that the defendants be adjudged to restore to the plaintiffs the estate "Cuatro Calles," with the products thereof, without prejudice to the liquidations and settlement of proper accounts between the parties, and costs.

To this demand the defendants opposed two peremptory pleas, namely, that the complaint did not state facts sufficient to constitute a cause of action in ejectment, and that from the complaint itself it appears that more than four years had elapsed since the estate claimed had been adjudicated; and that, therefore, the action of nullity had prescribed, according to article 1301 of the old Civil Code and sections 1268 and 1840 of the Revised Code, for which reason they asked that the demurrers be sustained and the complaint dismissed with costs.

On September 6, 1910, the judge sustained the demurrers, and on the 12th of the same month the defendants prayed the court that inasmuch as it had not given permission to the plaintiffs to amend, nor had they requested such permission, it be pleased to pronounce judgment; notice of which motion does not appear to have been served upon the plaintiffs.

The district judge of said court, basing his action on his determination of the demurrers, on the motion of the defendants, and on the fact that the plaintiffs had not exercised their right to amend within the 24 hours allowed for the purpose by rule 7 of the court, nor had up to that time offered to amend nor requested permission to do so, pronouhced judgment on September 14, 1910, which was entered on the same day, dismissing the complaint and all the prayers contained therein, with costs against the plaintiffs.

From this judgment the plaintiffs took an appeal to this Supreme Court, which is now awaiting decision.

The grounds upon which the judge below determined the demurrers which led to the judgment were that facts sufficient to constitute a cause of action in ejectment were not stated, and that the right of action for nullity of the title of the defendants had prescribed, whether application were made of section 1268 or of section 1865 of the Revised Civil Code, according to the general rules established for prescription. Upon a careful perusal of the complaint it is soon noticed that although they name their action one of "Recovery of property illegally and fraudulently sold by public auction," the facts of the allegation, and even the prayer thereof, convince that the action exercised is not one of ordinary ejectment, common or generic, as the appellants properly sustain in their brief, but the action which was allowed by article 1477 of the Law of Civil Procedure in force at the time the acts occurred that gave rise to this suit, which is different from the action of ejectment.

Title XV of the old Law of Civil Procedure regulated the proceeding for the recovery of net amounts in cash, and also for that of net amounts in kind, but computing the latter in cash, provided they were past due and exceeded 1,000 *pesetas.* It was an executory and summary proceeding for the recovery of this class of credits, and in consideration of this it was that article 1477 provided, as follows:

"Judgments rendered in executory actions shall not give rise to the exception of *res judicata,* the parties reserving their rights to institute an ordinary action upon the same question."

Thus, then, inasmuch as this provision of law reserved to the parties their right to institute an ordinary proceeding upon the same question, it is evident that, in accordance therewith, Messrs. Lamb & Co. had a right to institute an ordinary action upon what had been the subject of that summary proceeding; and as a credit was claimed in the latter which led to the judgment by virtue whereof properties belonging to these gentlemen were sold to satisfy said credit, and as they now allege that said credit had undergone a novation, was extinguished, and paid, it was undoubtedly their right, allowed them by said provision, to show in the ordinary action that, for the reasons set up, such credit against them was ineffectual and void, and should not result in an adverse judgment and sale of their property, but that by a favorable judgment the property that their execution creditors had obtained through an inefficient title should be restored to them and the damages entailed made good.

It was not, properly speaking, an action of ejectment for the purpose of recovering such real and personal property as had been executed and sold by auction in satisfaction of the debt, but merely, as we have stated, an action instituted for the purpose of discussing the validity of the obligation and to recover what, through the judgment, the execution creditors had obtained.

Such, then, being the nature of the action exercised, the complaint contains facts sufficient to constitute a cause of action, if not prescribed, since it contests the proceedings and determination of aforesaid executory action and alleges that the credit claimed was not due because of the extinguishment and payment thereof.

In order to prosecute this action there was no need of requesting and securing the nullity of the titles adjudicated by the judgment, since the action was not directed against

the property nor was it instituted for the purpose of obtaining the nullity of the proceeding, this not being allowed by the law, which principle was applied in the judgments of the Supreme Court of Spain of April 28, 1876, May 6 and December 14, 1891. Therefore, there is no action for nullity of title, that has prescribed.

We have already said that such action was not one of ejectment, common or generic, as alleged by the appellants; and it is not so because it was not allowed for the purpose of recovering a specified real property, but of discussing the question as to whether or not the debt claimed was due, and if not, to obtain the restoration of the sum paid and indemnification of costs and damages. Hence, it was not a real but a personal action, which the law allowed both parties.

The defendants did not allege the prescription of the action which is really prosecuted, but, believing that the action exercised was one for the nullity of the title originating in the adjudication of estate "Cuatro Calles," they alleged the prescription of said action, and cited specifically to that end article 1301 of the old Civil Code, which is section 1268 of the Revised Civil Code; and as neither of these provisions are applicable to this case, said exception had also to be overruled.

It is true that when on the face of the complaint the prescription of the action appears the latter may be sustained by demurrer on the ground that it does not state facts sufficient to constitute a cause of action, which is barred; it being unnecessary, in such case, to specify the section of the law authorizing it, since this requisite, called for by section 128 of the Code of Civil Procedure—identical with section 458 of the California Code—has reference to cases where the statute of limitations is pleaded in defense upon answering the complaint. (See *Brown* v. *Martin,* 25 Cal., 82, and *William* v. *Bergin,* 116 Cal., 56.)

But where the demurrer has specified, as in the present case, the section of the law which sustains the plea that

the action is barred by limitation, and such section is not the one applicable thereto, but a different one, it would not be fair, in such conditions, to maintain the demurrer under that other section, because the question was not raised in accordance therewith, and the plaintiffs had had no opportunity to defend themselves in an unannounced controversy, in which case the demurrer must be overruled.   (*Bank* v. *Wickersham,* 99 Cal., 655.)

And although the general rule is that the statute of limitations should be pleaded at the first opportunity, permission, however, can and should be given for the filing of another plea of prescription, when a failure to do so would entail serious prejudice or injustice to the defendants, who albeit they had alleged such exception, had, in doing so, cited the wrong provision of law applicable to the case.

At the hearing the appellants alleged that the judgment had become final, without their being served with a notice of the motion filed for the purpose by the defendants. The demurrer having been sustained by the court, and the complaint not having been amended, the judgment was a necessary consequence.  (*Vega et al.* v. *Rodríguez et al.,* decided by this court March 6, 1911, and *Capó* v. *Capó,* decided March 7, 1911.)

We are, therefore, of the opinion that the plea of insufficiency of facts to constitute a cause of action and that of the statutes of limitations, on the legal grounds alleged, should be overruled and the judgment reversed, without costs, and the complaint ordered to be answered, without prejudice to any other plea consistent with justice.

*Reversed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary took no part in the decision of this case.