TORRES ET AL., PLAINTIFFS AND APPELLANTS, *v.* RENTA ET AL., DEFENDANTS AND APPELLEES.

### Appeal from the District Court of Ponce in an Action for the Recovery of a Condominium.

No. 1987.—Decided May 19, 1919.

CONVERSION OF POSSESSION INTO DOMINION—PRESCRIPTION—GOOD FAITH AND COLORABLE TITLE.—In order that a successor by universal or singular title may avail himself of the time of possession of his ancestor or predecessor, it is necessary that the possession by his predecessor had all the requirements of law, among which are good faith and colorable title. If for whatever reason all the requirements of law were not present, the time of possession by the predecessor will not inure to the successor. He may acquire by prescription if his possession is held under lawful conditions and he does not know that there was no title in his predecessor or that his own title was of doubtful origin, but in that case the period will be computed from the time the successor acquired the property and came into possession.

ID.—ID.—APPEAL.—When in pleading prescription in the lower court the section of the law on which it is based is specifically cited and the said section is not applicable, a different statute cannot be invoked on appeal in support of the plea of prescription, inasmuch as the plaintiffs had no opportunity to defend against an issue which was not raised in the trial court.

The facts are stated in the opinion.

*Mr. R. B. Pérez Mercado* for the appellants.

*Messrs. José Tous Soto* and *F. Manuel Toro* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The plaintiffs herein brought an action of ejectment against the defendants in the District Court of Ponce on June 24, 1918, to recover parts of a rural property and mesne profits and the defendants having demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, because, among other reasons, they had acquired the property sued for by prescription under section 1858 of the Civil Code, the court, on January 4, 1919, sustained the said demurrer for the reason given and granted the plaintiffs ten days in which to amend their complaint.

The plaintiffs filed an amended complaint on January 13, 1919, and the defendants thereupon moved for judgment on the pleadings for the reason that it appeared from the amended complaint, as had formerly appeared from the original complaint, that the defendants had held possession of the property in question since December, 1902, and that they could not be prejudiced by any defect involving the nullity of the title of their grantors which did not appear from the title itself, or from the registry, or of which they had no personal knowledge.

The motion having been heard, the court held that the amended complaint did not substantially vary the terms of the original complaint, the conditions being, therefore, the same as when its decision of January 4, 1919, was rendered based on the acquisition of the property by prescription by

the defendants. Therefore, citing section 1858 of the Civil Code and the cases of *Teillard* v. *Teillard,* 18 P. R. R. 546, and *Maldonado* v. *Ramos,* 24 P. R. R. 278, the court entered judgment on January 22, 1919, sustaining the motion for judgment on the pleadings and dismissing the complaint on its merits, without special imposition of costs, disbursements and attorney fees.

From that judgment counsel for plaintiffs appealed to this court, alleging as fundamental ground for the appeal the absence of all the necessary elements for the acquisition of the title by prescription.

The facts alleged in the complaint, which we must assume to be true in considering whether the plea of prescription set up by the defendants should be sustained, are, briefly, the following:

Gregoria Zayas Escott, married to her third husband, José María Torres, died on March 7, 1891, leaving several heirs.

Among the properties left by Gregoria Zayas Escott at her death was a rural property in the ward of Amuelas of the municipality of Juana Díaz at the place called Agua Salada, with an area of 80 acres, more or less.

The widower and heirs of Gregoria Zayas Escott made a partition of the estate and of the said property, valued at $4,000, a one-half undivided share, valued at $2,000, was awarded to the widower, and the other half was divided among the other six heirs in the proportion of $333⅓ each.

In the year 1901 José María Torres instituted proceedings in the Municipal Court of Juana Díaz to establish his possession of the whole of the said property and the proceeding was approved by an order of July 13 of that year, the possession of the whole property being recorded in the registry in the name of José María Torres.

One of the heirs of Gregoria Zayas Escott was Clementina Torres y Zayas, married to Luis Felipe Padilla, who, as her advisor, took part in the partition of the estate of Gregoria

Zayas and had positive knowledge that the property in litigation did not belong wholly to José María Torres.

In December, 1902, José María Torres sold the property to his son-in-law, Luis Felipe Padilla, and a simulated deed of sale was executed on the 5th of said month by Torres in favor of Sinforiano Rodríguez, who never held possession of the property for the reason that the real vendee, Felipe Padilla, possessed it until the subsequent conveyances were made.

Afterwards, Luis Felipe Padilla sold the property to Margarita Alvarado y Colón, widow of Ferrer, and her legitimate daughters Catalina, Lucía and Mercedes Ferrer y Alvarado in the proportion of three-sixths to the widow and one-sixth each to her daughters, they receiving their title of acquisition, not from Padilla, the real owner, but from the apparent owner, Sinforiano Rodríguez, in a deed of June 8, 1912.

By a deed of partition dated June 27, 1912, the property was awarded to Margarita Alvarado y Colón in part payment of her share of the community property in the estate of her husband, José Ferrer y Reynes, who died at Juana Díaz on February 5, 1905.

Margarita Alvarado sold the property to Pablo Renta by a public deed dated February 16, 1918, for the sum of $16,000.

Margarita Alvarado and her daughters Catalina, Lucía and Mercedes Ferrer y Alvarado had been in possession of the property from June 6, 1911, when they purchased it, to January 27, 1912, when it was awarded to Margarita Alvarado, and she held possession of it from January 27, 1912, to February 16, 1918, when she sold it to Renta, appropriating to herself the products of the property during such possession.

The prayer of the complaint is that the possessory title proceeding instituted by José María Torres be adjudged null and void as to half of the property, as well as all subsequent conveyances of the said undivided half, and that these records

in the registry of property be canceled; that it be also ad-judged that this undivided one-half interest in the property belongs exclusively to the succession of Gregoria Zayas, represented by the plaintiffs, who shall be reinstated in their ownership rights; that the plaintiffs recover from the succession of Margarita Alvarado and José Ferrer, composed of their legitimate daughters Catalina and Mercedes Ferrer y Alvarado, the sum of $5,013 as the mesne profits of the property in controversy received by them and by their deceased mother in proportion to the time of their possession; finally, that the defendants be jointly adjudged to pay the costs, expenses and disbursements of the action and a sum of not less than $2,000 for attorney fees.

Let us examine these averments of the complaint in connection with section 1858 of the Civil Code, relied upon in support of the prescription.

Said section reads as follows:

"Sec. 1858.—Ownership and other property rights in real property shall prescribe by possession for ten years as to persons present, and for twenty years with regard to those absent, with good faith and with a proper title."

Margarita Alvarado y Colón and her daughters Lucía, Catalina and Mercedes Ferrer y Alvarado were in possession of the property from June 6, 1911, to January 27, 1912, and Margarita Alvarado possessed it from January 27, 1912, to October 16, 1918, there being no doubt that they held possession during these periods of time in good faith and with colorable title. There is no dispute on these points.

But it is otherwise as to the possession of the predecessors in interest of Margarita Alvarado and her daughters.

If under the allegations of the complaint the real owner of the property was not Sinforiano Rodríguez, but Luis Felipe Padilla, and the latter, and not Rodríguez, was in possession of it, the possession to be considered as a basis for prescription must be that of Padilla, and his possession was not

in good faith, for Padilla acquired from his father-in-law, José María Torres, knowing that Torres was not the owner of the whole property, but only of half of it, and he knew this because he took part in the partition of the estate of Gregoria Zayas, in which said one-half interest was awarded to the widower, José María Torres. Neither the possession of José María Torres, nor that of Luis Felipe Padilla, can inure to the defendants to complete the period of prescription.

Manresa, commenting on section 1960 of the Spanish Civil Code, similar to section 1861 of our code, regulating the computation of the time necessary for prescription, expresses himself as follows:

"It is superfluous to say that in order that a successor by universal or singular title may avail himself of the time of possession of his predecessor, it is necessary that the possession by his predecessor fulfilled all the requirements of law. This is an incontrovertible principle in matters of prescription; hence, if such requirements are not present, for whatever reason, the time of possession by the predecessor will not inure to the successor, who, nevertheless, may acquire by prescription if his possession were held under lawful conditions and he did not know that there was no title in his predecessor, or that his own title was of doubtful origin; but in that case the time will be computed from the time the successor acquired the property and came into possession." Manresa, Vol. XII, p. 866.

The appellee maintains that although Pablo Renta held possession only since 1918 and Margarita Alvarado since 1911, inasmuch as José M. Torres possessed since July, 1901, with his title recorded, it is to be concluded that since July, 1907, according to a General Order of April 4, 1899, the possession was converted into ownership by the lapse of the period of six years fixed therein for prescription, Renta and Margarita having held possession for more than six years without joining the period of their possession to that of their predecessors, *i. e.*, from June 6, 1911, to June 24, 1918, when the original complaint was filed.

As to that defense, we will say that section 1858 of the

Civil Code having been invoked in the lower court in support of the plea of prescription, the said section cannot be substituted on appeal by the General Order cited, according to our doctrine in the case of *Lamb & Co.* v. *Fantauzzi Hermanos,* 17 P. R. R. 291, where we said:

"It is true that when on the face of the complaint the prescription of the action appears, the latter may be sustained by demurrer on the ground that it does not state facts sufficient to constitute a cause of action, which is barred; it being unnecessary, in such case, to specify the section of the law authorizing it, since this requisite, called for by section 128 of the Code of Civil Procedure—identical with section 458 of the California Code—has reference to cases where the statute of limitations is pleaded in defense upon answering the complaint. (See *Brown* v. *Martin,* 25 Cal. 82, and *William* v. *Bergin,* 116 Cal. 56.)

"But where the demurrer has specified, as in the present case, the section of the law which sustains the plea that the action is barred by limitation, and such section is not the one applicable thereto, but a different one, it would not be fair, in such conditions, to maintain the demurrer under that other section, because the question was not raised in accordance therewith, and the plaintiffs had had no opportunity to defend themselves in an unannounced controversy, in which case the demurrer must be overruled. (*Bank* v. *Wickersham,* 99 Cal. 655."

But in any event, we have grave doubts that the General Order cited is applicable to the case at bar. The possession by José María Torres and Luis Felipe Padilla, as we have said before, was not in good faith, and this is a necessary requirement for acquiring ownership by prescription by possession for six years, and the possession in good faith by Margarita Alvarado and her daughters, which inures to Renta, began on June 6, 1911, when the General Order of April 4, 1899, had been repealed by the revised Civil Code of 1902, which reestablished the periods of ten and twenty years formerly fixed for prescription by the Spanish Code.

The judgment must be reversed and the case remanded

to the lower court for further proceedings not inconsistent herewith.

*Reversed and remanded.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.