TORRES ET AL., DEMANDANTES Y APELANTES *v.* RENTA ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre reivindicación de condominio.

No. 1987.—Resuelto en mayo 19, 1919.

CONVERSIÓN DE POSESIÓN EN DOMINIO—PRESCRIPCIÓN DEL DOMINIO—BUENA FE Y JUSTO TÍTULO.—Para que sirva de abono al sucesor por título universal o singular el tiempo de posesión ganado por su antecesor o causante, es preciso que la posesión por parte del causante reúna todos los requisitos exigidos por la ley, entre los cuales figuran la buena fe y el justo título. Si no concurren todos los requisitos exigidos por la ley, cualquiera que sea la causa de ello, el tiempo que haya poseído el causante no aprovechará al sucesor. Este podrá prescribir si su posesión se lleva a cabo en las condiciónes legales ignorando que su causante carecía de título o que su título era de dudosa procedencia, mas en este caso se contará el tiempo para la computación del término, desde que el sucesor adquirió y comenzó a poseer.

EXCEPCIÓN DE PRESCRIPCIÓN—APELACIÓN.—Cuando al formularse ante la corte inferior la excepción de prescripción se ha especificado el artículo de la ley en que se funda tal excepción y dicho artículo no es aplicable, no cabe en apelación invocar distinto precepto de ley para apoyar la excepción de prescripción, ya que los demandantes no tuvieron oportunidad de defenderse de una controversia que no les fué planteada en la corte inferior.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. B. Pérez Mercado.*

Abogados de los apelados: *Sres. José Tous Soto* y *F. Manuel Toro.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Los demandantes en este pleito presentaron demanda en la Corte de Distrito de Ponce con fecha 24 de junio de 1918, contra los demandados, sobre reivindicación de condominios de·finca rústica con sus frutos, y habiendo alegado los demandados como excepción la de que aquella no expone hechos suficientes para constituir la causa de acción que se ejercita, entre otros motivos por haber adquirido mediante prescripción la finca que se trata de reivindicar, con arreglo al artículo 1858 del Código Civil, la corte por orden de 4 de enero de 1919 declaró con lugar dicha excepción pre-

via por el fundamento expresado, concediendo diez días a los demandantes para enmendar su demanda.

Los demandantes presentaron nueva demanda enmendada en 13 de enero de 1919 y los demandados solicitaron entonces se pronunciara sentencia por las alegaciones, pues de la demanda enmendada resultaba, como antes de la demanda original, que los demandados habían poseído la finca reclamada desde diciembre de 1902, sin que a los demandados pueda afectarles vicio alguno de. nulidad del título de sus trasmitentes que no apareciera del mismo título, o del registro, o que ellos conocieran personalmente.

Discutida la anterior moción la corte entendió que la demanda enmendada no variaba sustancialmente los términos de la primitiva, encontrándose, por tanto, en las mismas condiciones que motivaron su resolución de 4 de enero de 1919, fundada en la prescripción del dominio de la finca por parte de los demandados; y en su virtud, visto el artículo 1858 del Código Civil y los casos de *Teillard* v. *Teillard,* 18 D. P. R. 562 y *Maldonado* v. *Ramos,* 24 D. P. R. 297, pronunció sentencia en 22 de enero de 1919, declarando con lugar la moción de sentencia sobre las alegaciones y desestimando la demanda por el mérito de las mismas, sin especial condena de costas, desembolsos y honorarios de abogado.

Contra esa sentencia interpuso la representación de los demandantes recurso de apelación para ante esta Corte Suprema alegando, como motivo fundamental del recurso la falta de todos los elementos necesarios para la prescripción del dominio de que se trata.

Los hechos alegados en la demanda que debemos admitir como ciertos para considerar y decidir si existe o no la prescripción alegada por los demandados son en síntesis los siguientes:

Gregoria Zayas Escott, casada en terceras nupcias con José María Torres, falleció en 7 de marzo de 1891 dejando varios herederos.

Entre los bienes relictos por Gregoria Zayas y Escott a su fallecimiento se encontraba un predio rústico que radica en el barrio de Amuelas del término municipal de Juana Díaz, lugar denominado Aguasalada, con cabida de ochenta cuerdas más o menos.

El viudo y herederos de Gregoria Zayas y Escott realizaron la división del caudal mortuorio, y de la finca expresada, valorada en $4,000, se adjudicó una mitad proindivisa por valor de $2,000 al viudo, y de la otra mitad se hizo adjudicación a los demás herederos que eran seis, en proporción de $333.33 ⅓ a cada uno de ellos.

En el año de 1901, José María Torres promovió información ante el Juzgado Municipal de Juana Díaz para acreditar la posesión a su favor de la totalidad de la finca ya expresada, cuya información fué aprobada por orden de 13 de julio del mismo año, inscribiéndose en el registro la posesión de la totalidad de la finca a nombre de José María Torres.

Entre los herederos de Gregoria Zayas Escott figuraba Clementina Torres y Zayas, casada con Luis Felipe Padilla, el cual como consejero de ella intervino en la partición de bienes de Gregoria Zayas, teniendo pleno conocimiento de que la finca objeto del litigio no pertenecía en su totalidad a José María Torres.

José María Torres vendió la finca en diciembre de 1902 a su yerno Luis Felipe Padilla otorgándose escritura de venta en 5 de dicho mes por Torres simuladamente a favor de Sinforiano Rodríguez, sin que éste en ningún momento poseyera dicha finca por estar en posesión de ella hasta sus posteriores transferencias el que era verdadero comprador Felipe Padilla.

Posteriormente, Luis Felipe Padilla vendió la finca a Margarita Alvarado y Colón, viuda de Ferrer, y a sus hijas legítimas Catalina, Lucía y Mercedes Ferrer y Alvarado en la proporción de 3|6 partes para la primera y de 1|6 parte

para cada una de las tres últimas, recibiendo el título de adquisición no del verdadero dueño Padilla, sino del dueño aparente Sinforiano Rodríguez por escritura de 6 de junio de 1911.

Por escritura de partición de bienes de 27 de junio de 1912 se adjudicó la finca a Margarita Alvarado y Colón en parcial pago de sus gananciales en la herencia de su difunto esposo José Ferrer y Reynes fallecido en Juana Díaz el 5 de febrero de 1905.

Margarita Alvarado vendió la finca a Pablo Renta por escritura pública de 16 de febrero de 1918 por la cantidad de $16,000.

Margarita Alvarado y sus hijas Catalina, Lucía y Mercedes Ferrer y Alvarado han poseído la finca desde el 6 de junio de 1911 en que la compraron hasta el 27 de enero de 1912 en que fué adjudicada a Margarita Alvarado, y ésta la poseyó desde el 27 de enero de 1912 hasta el 16 de febrero de 1918 en que la vendió a Renta, haciendo suyos durante el tiempo de posesión respectiva los frutos producidos por la misma.

La demanda concluye con la súplica de que se declare nulo el expediente posesorio de la finca instruído a instancia de José María Torres en cuanto a la mitad de ella, y nulas a su vez todas las transmisiones de dominio posteriores en cuanto a la referida mitad proindivisa, ordenando su cancelación en el registro de la propiedad; se declare igualmente que la mitad proindivisa de la finca pertenece a la exclusiva propiedad de la sucesión de Gregoria Zayas representada por los demandantes, restituyendo a éstos en sus derechos dominicales; se condene a la sucesión de Margarita Alvarado y José Ferrer compuesta de sus legítimas hijas doña Catalina y doña Mercedes Ferrer y Alvarado a pagar a los demandantes la cantidad de $5,013 en concepto de frutos producidos por la finca en litigio y percibidos por ellas y su madre difunta en proporción al tiempo de su po-

sesión; y se condene finalmente a los demandados conjunta-
mente al pago de las costas, gastos y desembolsos que el plei-
to origine, y en una cantidad no menor de $2,000 para ho-
norarios de abogado.

Examinemos las anteriores alegaciones de la demanda en
relación con el artículo 1858 del Código Civil, invocado como
fundamento de la prescripción.

Ese artículo dice así:

"Artículo 1858.—El dominio y demás derechos reales sobre bie-
nes inmuebles se prescriben por la posesión durante diez años entre
presentes y veinte entre ausentes, con buena fe y justo título."

Margarita Alvarado y Colón y sus hijas Lucía, Catalina
y Mercedes Ferrer y Alvarado poseyeron la finca desde el
6 de junio de 1911 hasta el 27 de enero de 1912, y Marga-
rita Alvarado la poseyó desde el 27 de enero de 1912 hasta
el 16 de octubre de 1918, no habiendo duda de que poseyeron
durante las porciones de tiempo indicadas con buena fe y jus-
to título. No hay discusión sobre esos particulares.

Pero no sucede lo propio en cuanto a la posesión de los
causantes de Margarita Alvarado y sus hijas.

Si bajo las alegaciones de la demanda el verdadero dueño
de la finca no era Sinforiano Rodríguez, sino Luis Felipe
Padilla, y éste y no Rodríguez fué el que la poseyó, la po-
sesión que ha de servir de base para la prescripción ha de
ser la de Padilla y esa posesión no era de buena fe, pues
Padilla adquirió de su suegro José María Torres, sabiendo
que éste no era dueño de la totalidad de la finca sino de
la mitad de ella, y lo sabía por haber intervenido en las
operaciones particionales de la herencia de Gregoria Zayas
en que se adjudicó dicha mitad al viudo José María Torres.
Ni la posesión de José María Torres, ni la de Luis Felipe
Padilla pueden aprovechar a los demandados para comple-
tar el término de la prescripción.

Comentando Manresa el artículo 1960 del Código Civil
Español, equivalente al 1861 del nuestro, concerniente a las

reglas para la computación del término necesario para la prescripción, dice así:

"Excusado es decir que para que sirva de abono al sucesor por título universal o singular el tiempo de posesión ganado por su antecesor o causante, es preciso que la posesión por parte de éste reuniera todos los requisitos exidos por la ley. Este es un principio inconcuso en materia de prescripción; así es que si no concurren los requisitos indicados, cualquiera que fuese la causa de ello, ese tiempo que haya poseído el causante no aprovechará al sucesor pero éste sí puede prescribir si su posesión se lleva a cabo en las condiciones legales, ignorando que el causante carecía de título, o con título de viciosa procedencia; mas en este caso se contará el tiempo para la computación del término desde que el sucesor adquirió el predio y comenzó a poseerlo."

Manresa, Tomo XII, p. 866.

Alega la parte apelada que aunque Pablo Renta sólo posee desde 1918 y Margarita Alvarado desde 1911, como José M. Torres poseyó desde julio de 1901 con posesión inscrita, es de concluirse que desde julio de 1907, de acuerdo con la Orden General de 4 de abril de 1899, quedó convertida la posesión en dominio por el transcurso del término de seis años que dicha Orden General señaló para la prescripción, habiendo poseído además, Renta y doña Margarita por más de seis años sin unir su posesión a la de sus causantes, o sea, desde 6 de junio de 1911 hasta junio 24 de 1918 en que fué radicada la demanda original.

A la anterior defensa contestamos que habiéndose invocado en la corte inferior para sostener la prescripción el artículo 1858 del Código Civil, no cabe en apelación sustituir ese artículo por la Orden General invocada, según la doctrina que establecimos en el caso de *Lamb & Cía.* v. *Fantauzzi Hermanos,* 17 D. P. R. 307, y que transcribimos a continuación:

"Es cierto que cuando de la faz de la demanda aparece la prescripción de la acción, ésta puede ser sostenida por excepción bajo el fundamento de que no aduce hechos bastantes para determinar una causa de acción porque se halla prescrita, sin que sea necesario

en tal caso especificar el artículo de la ley que la ampara, ya que este requisito exigido por el artículo 128 del Código de Enjuiciamiento Civil, igual al 458 del de California, se refiere al caso de que la prescripción de la acción se alegue como defensa al contestar la demanda. (Véase *Brown* v. *Martin*, 25 Cal. 82 y *William* v. *Bergin*, 116 Cal. 56.) Pero cuando en la excepción se ha especificado, como en el caso presente, el artículo de la ley en que se apoya la excepción de prescripción de la acción y tal artículo no es el aplicable sino otro distinto, no sería justo sostener en tales condiciones la excepción bajo ese otro precepto, porque no fué propuesta la cuestión de acuerdo con él y los demandantes no tuvieron oportunidad de defenderse de una controversia que no se planteó, en cuyo caso debe desestimarse la excepción. *Bank* v. *Wickersham*, 99 Cal. 655.''

Pero de todos modos, mucho dudamos de que sea aplicable al presente caso la Orden General citada. La posesión de José María Torres y Luis Felipe Padilla, según hemos dicho antes no fué de buena fe, requisito necesario para la prescripción adquisitiva del dominio por término de 6 años, y la posesión de buena fe por parte de Margarita Alvarado y sus hijas, que es la que puede aprovechar a Renta, empezó a correr en 6 de junio de 1911, cuando la Orden General de 4 de abril de 1899 había sido derogada por el Código Civil Revisado de 1902 al restablecer los diez y veinte años que para la prescripción ordinaria señalaba el antiguo código español.

Es de revocarse la sentencia apelada, devolviéndose el caso a la corte inferior para ulteriores procedimientos no inconsistentes con la presente opinión.

*Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.